**Linda S. RESTREPO and Carlos E. Restrepo, Appellants,**

v.

**FIRST NATIONAL BANK OF DONA ANA COUNTY, NEW MEXICO, Appellee.**

No. 08–94–00319–CV.

Court of Appeals of Texas, El Paso.

Jan. 26, 1995.

---

1. *Evans v. State*, 606 S.W.2d 880 (Tex.Crim.App. 1980), *overruled by, Woods v. State*, 653 S.W.2d 1 (Tex.Crim.App.1983) (opinion on rehearing).

2. *Rohlfing v. State*, 612 S.W.2d 598 (Tex.Crim. App.1981).

Gerald K. Fugit, Odessa, for appellants.

E.K. Peticolas, Peticolas and Shapleigh, El Paso, for appellee.

Before BARAJAS, C.J., and LARSEN and McCLURE, JJ.

## OPINION ON MOTION TO DISMISS

PER CURIAM.

### NATURE OF THE CASE

The Appellee, First National Bank of Dona Ana County, New Mexico, has moved to dismiss the appeal for want of jurisdiction because the Appellants, Carlos and Linda Restrepo, failed to timely file an appeal bond or affidavit of inability to pay costs on appeal on the severed cause below. We deny the motion.

## I. SUMMARY OF THE EVIDENCE

The Restrepos are parties in a plethora of civil actions against the Bank, the law firm of Mounce & Galatzan, P.C., certain named attorneys of Mounce & Galatzan, and the visiting judge presiding over most of the litigation. This appeal is from an order granting summary judgment in favor of the Bank on a battery claim against Corey Haugland, an attorney with Mounce & Galatzan. The trial court severed the Bank, making the summary judgment a final judgment for the purposes of appeal, on September 6, 1994. Written on the Order for Severance of Actions is a note that the Bank was severed into cause number 94–10030. The Restrepos filed a Notice of Appeal in Writing in cause number 90–10831 on September 13, 1994, noting also the docket number of the severed action. They also filed an Affidavit to Proceed In Forma Pauperis in Support of Notice of Appeal in cause number 90–10831 on September 23, 1994. No document purporting to perfect an appeal was filed in cause number 94–10030.

## II. DISCUSSION

■ A civil appeal is perfected when the appeal bond, cash deposit, or affidavit of inability to pay costs on appeal is filed. Tex. R.App.P. 40(a)(1). When no motion for new trial or request for findings of fact or conclusions of law is filed, the appeal bond, deposit, or affidavit must be filed within thirty days after the judgment is signed. Tex.R.App.P. 41(a)(1). The Bank argues that the Restrepos' failure to file their affidavit in the cause number assigned to the severed party within

thirty days of the severance deprives this Court of jurisdiction.

A court of appeals has jurisdiction over an appeal when an appellant files an instrument that is "a bona fide attempt to invoke appellate court jurisdiction." *City of San Antonio v. Rodriguez*, 828 S.W.2d 417, 418 (Tex.1992) (per curiam); *Mueller v. Saravia*, 826 S.W.2d 608, 609 (Tex.1992) (per curiam); *Grand Prairie Independent School Dist. v. Southern Parts Imports, Inc.*, 813 S.W.2d 499, 500 (Tex.1991) (per curiam). An appellant should be given an opportunity to amend a defective bond, a cash deposit in lieu of bond, or an affidavit of inability to pay costs on appeal before the court of appeals may dismiss an appeal. *Id.* at 500; *See* Tex.R.App.P. 83. An examination of the record in this appeal indicates that this appeal is not properly perfected, but that the Restrepos made a bona fide attempt to invoke the jurisdiction of this Court, by filing their Affidavit to Proceed In Forma Pauperis in Support of Notice of Appeal under the cause number of the original, unsevered proceeding. *See City of San Antonio*, 828 S.W.2d at 418 (holding that notice of appeal filed under the wrong docket number is a bona fide attempt to invoke appellate jurisdiction, and that the court of appeals' dismissal was improper); *Mueller*, 826 S.W.2d at 609 (holding that a motion for new trial filed under old cause number, but seeking new trial as to a severed party, extends the appellate timetable and allows perfection of an appeal as a bona fide attempt to invoke appellate jurisdiction, making the court of appeals' dismissal improper); *Grand Prairie Independent School Dist.*, 813 S.W.2d at 500 (holding that a notice of appeal filed when an appeal bond is required to perfect is a bona fide attempt to invoke appellate jurisdiction, and that the court of appeals' dismissal was improper without first affording an opportunity to correct the defective perfection of appeal).

## III.  *CONCLUSION*

We hereby give notice pursuant to Rule 60(a)(2) of the Texas Rules of Appellate Procedure of our intent to dismiss this appeal for want of jurisdiction, unless the appellants or any party desiring to continue this appeal file within ten days a response showing grounds for continuing this appeal, and any amended documents necessary to invoke this Court's jurisdiction. Tex.R.App.P. 60(a)(2).