COURT OF
APPEALS

                                                    EIGHTH DISTRICT
OF TEXAS

                                                               EL
PASO, TEXAS

 

GABRIEL ACKAL, SR., HITZ
VIDEO, INC.,     )

ACKAL FAMILY INVESTMENTS,
L.L.C.,       )

and
SOUTHERN VIDEO, L.L.C.,                        )            
No.  08-02-00268-CV

                                                                              )

Appellants,                         )                 Appeal from the

                                                                              )

v.                                                                           )              
68th District Court

                                                                              )

BLOCKBUSTER, INC., MARK
GILMAN,        )          of Dallas County,
Texas

and
FRANCHISE MORTGAGE                           )

ACCEPTANCE COMPANY,                              )                
(TC# 02-02597)

                                                                              )

Appellees.                          )

 

 

O P I
N I O N

 

Pending before the
Court are three motions:  (1) Appellants= motion to retain case; (2) Appellees Blockbuster, Inc. and Mark Gilman=s motion to dismiss; and (3) Appellee Franchise Mortgage Acceptance Company=s motion to dismiss.  The motions filed by Appellees
urge this Court to dismiss this appeal for want of jurisdiction.  Such a dismissal is appropriate under Tex.R.App.P. 42.3 which
provides:

Under the following circumstances, on
any party=s
motion--or on its own initiative after giving ten days=
notice to all parties--the appellate court may dismiss the appeal or affirm the
appealed judgment or order.  Dismissal or
affirmance may occur if the appeal is subject to
dismissal:

 

(a) for want
of jurisdiction;

 

(b) for want
of prosecution; or








(c) because
the appellant has failed to comply with a requirement of these rules, a court
order, or a notice from the clerk requiring a response or other action within a
specified time.

 

Appellants attempt
to appeal from a summary judgment.  The
trial court signed a joint motion for severance on March 19, 2002.  This severance order had the effect of making
the summary judgment final.  A motion for
new trial extends the deadline for filing a notice of appeal of a final
judgment.  Tex.R.App.P. 26.1.  In order to be effective, a motion for new
trial must be filed on or before thirty days from the date the judgment is
signed.[1]  Tex.R.Civ.P. 329b.

An order granting a severance in a
case with a judgment in the cause ordered to be severed is effective when
signed.  McRoberts v. Ryals, 863 S.W.2d 450, 452-53 (Tex. 1993).  In this case, a motion for new trial was due
April 18, 2002.

Appellants
executed a motion for new trial on April 18, 2002.  It was sent to the Dallas County District
Clerk=s Office
on the same day, via United Parcel Service overnight mail.  The motion arrived at the District Clerk=s Office on April 19, 2002.  As such, Appellants=
motion for new trial was not timely filed.[2]








A civil appeal is
perfected when the notice of appeal is filed. 
Tex.R.App.P. 26.1; see Restrepo v. First Nat=l Bank of Dona Ana County, N.M.,
892 S.W.2d 237, 238 (Tex.App.‑-El Paso
1995, no writ)(applying former Tex.R.App.P. 40(a)(1)).  When no motion for new trial or request for
findings of fact or conclusions of law is filed, the notice of appeal must be
filed within thirty days after the judgment is signed.  Tex.R.App.P.
26.1; Restrepo, 892 S.W.2d
at 238.  A notice of appeal is
considered timely if filed within fifteen days of the due date and accompanied
by a reasonable explanation for the failure to file on the due date.  Verburgt v. Dorner, 959 S.W.2d 615, 617
(Tex. 1997).

Because Appellants
failed to file a timely motion for new trial and the notice of appeal was not
timely filed, we have no jurisdiction over this appeal.  The motions to dismiss filed by Appellees Blockbuster Inc. and Mark Gilman and Appellee Franchise Mortgage Acceptance Company are
granted.  Appellants= motion to retain case is denied.  Accordingly, this appeal is dismissed
pursuant to Tex.R.App.P. 42.3(a).

 

 

September
26, 2002

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 3

Barajas, C.J., Larsen, and Chew, JJ.

 

(Do Not Publish)











[1]
Appellants agreed that the severance order was executed by the trial court on
March 19, 2002.  However, they argue that
the judgment did not become final until it was filed with the Dallas County
District Clerk=s Office
on March 20, 2002.  They therefore
contend the motion for new trial was due by April 19, 2002.  Appellants cite no authority for this proposition
and this Court could find none. 





[2]
Although not specifically raised by Appellants in the motion to retain case, we
note that the so called Amailbox
rule@
articulated in Tex.R.Civ.P. 5 does not
apply in this case because Appellants delivered the motion for new trial
through a private courier service rather than the United States Postal
Service.  See
Carpenter v. Town & Country Bank, 806 S.W.2d 959, 960 (Tex.App.--Eastland 1991, writ denied).