Becker v. State






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
IRMA and ALFONSO RIVERA,                     )                  No. 08-06-00014-CV
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                  171st District Court
)
WAL-MART STORES, INC. d/b/a                    )                  of El Paso County, Texas
SAM’S CLUB,                                                    )
                                                                             ) (TC# 2001-2540) 
                                    Appellee.                          )

MEMORANDUM OPINION

            Irma and Alfonso Rivera appeal from an order dismissing their suit for want of prosecution. 
Pending before the Court is a motion to dismiss for want of jurisdiction filed by Wal-Mart Stores,
Inc. d/b/a Sam’s Club. Having determined that the Riveras failed to timely perfect this appeal, we
grant Wal-Mart’s motion and dismiss the appeal for want of jurisdiction.
            A civil appeal is perfected when the notice of appeal is filed. Tex.R.App.P. 26.1; see
Restrepo v. First Nat. Bank of Dona Ana County, N.M., 892 S.W.2d 237, 238 (Tex.App.--El Paso
1995, no writ)(applying former Tex.R.App.P. 40(a)(1)). When a motion to reinstate is timely filed, 
the notice of appeal must be filed within ninety days after the judgment is signed. Tex.R.App.P.
26.1(a)(3). A notice of appeal is considered timely if filed within fifteen days of the due date and
accompanied by a reasonable explanation for the failure to file on the due date. Verburgt v. Dorner,
959 S.W.2d 615, 617 (Tex. 1997).
            The trial court dismissed the Riveras’ suit for want of prosecution on May 17, 2005. The
Riveras timely filed a verified motion to reinstate on June 14, 2005. According to the Riveras, the
trial court did not hold a hearing on the motion to reinstate within its plenary jurisdiction. The
motion to reinstate was overruled by operation of law on August 1, 2005, seventy-five days after the
order of dismissal was signed. Tex.R.Civ.P. 165a(3). Pursuant to Rule 26.1(a)(3), the Riveras’
notice of appeal was due to be filed no later than August 15, 2005, ninety days after the order of
dismissal was signed. The Riveras did not, however, file their notice of appeal until November 23,
2005. In the notice of appeal, the Riveras state their intention to appeal a dismissal order dated
August 30, 2005, but the record before us reflects that the dismissal order was signed on May 17,
2005. We conclude that the untimely notice of appeal did not perfect the appeal. 
            By letter dated January 23, 2006, this Court gave the Riveras notice of our intent to dismiss
this appeal because the appeal had not been timely perfected. See Tex.R.App.P. 42.3(a). In their
response, the Riveras contend that the trial court erred by refusing to conduct a hearing on their
motion to reinstate, but they do not address their failure to timely file the notice of appeal. Wal-Mart
has filed a motion seeking dismissal of the appeal for want of jurisdiction. We grant the motion and
dismiss the appeal for want of jurisdiction.

March 9, 2006                                                             
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.