COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JULIAN GUTIERREZ, | § | No. 08-08-00212-CV |
| Appellant, | § | Appeal from the |
| v. | § | 388th Judicial District Court |
| | § | |
| MARIA LOURDES GUTIERREZ, | § | of El Paso County, Texas |
| | § | |
| Appellee. | § | (TC# 2008CM1409) |
| | § | |

**<u>MEMORANDUM  OPINION</u>**

This appeal is before the Court on its own motion for determination whether the appeal should be dismissed for want of jurisdiction.  Finding that Appellant did not timely file a notice of appeal, we dismiss the appeal for want of jurisdiction.

A civil appeal is perfected when the notice of appeal is filed.  TEX.R.APP.P. 26.1; *Restrepo v. First Nat'l Bank of Dona Ana County, N.M.*, 892 S.W.2d 237, 238 (Tex.App.-- El Paso 1995, no writ)(applying former TEX.R.APP.P. 40(a)(1)).  When no motion for new trial or request for findings of fact and conclusions of law is filed, the notice of appeal must be filed within thirty days after the judgment is signed.  TEX.R.APP.P. 26.1; *Restrepo*, 892 S.W.2d at 238. When motion for new trial is timely filed, or a party timely files a request for findings of fact and conclusions of law, the notice of appeal is due ninety days after the judgment is signed.  *See* TEX.R.APP.P. 26.1(a).  An untimely notice of appeal will be considered timely if it is filed within fifteen days after the due date and includes a reasonable explanation for the appellant's failure to file on the due date.  *See* TEX.R.APP.P. 26.3; *Vergburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex.

1997).

The judgment in this case was entered on April 4. 2008. Neither a motion for new trial, nor a request for findings of fact and conclusions of law was filed in the trial court. Thus, the notice of appeal was due to be filed no later than May 4, 2008. *See* TEX.R.APP.P. 26.1. Appellant did not file a notice of appeal until June 9, 2008. Therefore, Appellant's notice of appeal was untimely filed. By letter dated June 9, 2008, the clerk of this Court notified Appellant in writing of our intent to dismiss the case for want of jurisdiction because the appeal had not been perfected. *See* TEX.R.APP.P. 42.3. Appellant has not responded to the notice. Accordingly, we dismiss the appeal for want of jurisdiction.


September 11, 2008

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Carr, JJ.