COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




JAIME SILVA, Individually and d/b/a
SOUTHWEST DISPOSAL,


 Appellant,


v.



COUNTY OF EL PASO,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-08-00172-CV



Appeal from the


171st Judicial District Court


of El Paso County, Texas 


(TC# 2008-1407) 



MEMORANDUM OPINION


 This appeal is before the Court on its own motion for determination whether the appeal
should be dismissed for want of jurisdiction. Finding that Appellant did not timely file a notice
of appeal, we dismiss the appeal for want of jurisdiction.

 A civil appeal is perfected when the notice of appeal is filed. Tex.R.App.P. 26.1;
Restrepo v. First Nat'l Bank of Dona Ana County, N.M., 892 S.W.2d 237, 238 (Tex.App.--El Paso 1995, no w rit)(applying former Tex.R.App.P. 40(a)(1)). When no motion for new
trial or request for findings of fact and conclusions of law is filed, the notice of appeal must be
filed within thirty days after the judgment is signed. Tex.R.App.P. 26.1; Restrepo, 892 S.W.2d at
238. When motion for new trial is timely filed, or a party timely files a request for findings of
fact and conclusions of law, the notice of appeal is due ninety days after the judgment is signed. 
See Tex.R.App.P. 26.1(a). An untimely notice of appeal will be considered timely if it is filed
within fifteen days after the due date and includes a reasonable explanation for the appellant's
failure to file on the due date. See Tex.R.App.P. 26.3; Vergburgt v. Dorner, 959 S.W.2d 615,
617 (Tex. 1997).

 In this case, the trial court signed a motion for partial summary judgment in the County's
favor on November 14, 2007. That order became a final and appealable judgment on January 14,
2008, when the trial court signed an order severing the summary judgment claims from the
original suit. See Farmer v. Ben E. Keith Co., 907 S.W.2d 495, 496 (Tex. 1995). Appellant did
not file a motion for new trial, or a request for findings of fact and conclusions of law following
the severance order. (1) The notice of appeal was due to be filed February 13, 2008. See
Tex.R.App.P. 26.1. The notice of appeal was not filed until May 6, 2008, and therefore failed to
perfect the appeal. See id. Accordingly, we dismiss the appeal for want of jurisdiction.



September 11, 2008

 DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., McClure, and Carr, JJ.
1. Appellant did file a request for findings of fact and conclusions of law following the
trial court's order granting the County's partial summary judgment motion, but before the claims
were severed. Even if we were to consider Appellant's request for findings for the purpose of
extending the date to perfect the appeal, Appellant's notice of appeal remains untimely as at the
latest, it was due to be filed April 11, 2008. See Tex.R.App.P. 26.1(a)(4).