COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JAIME SILVA, Individually and d/b/a SOUTHWEST DISPOSAL, | § | No. 08-08-00172-CV |
| | § | |
| Appellant, | § | Appeal from the |
| | § | |
| v. | § | 171st Judicial District Court |
| | § | of El Paso County, Texas |
| COUNTY OF EL PASO, | § | (TC# 2008-1407) |
| Appellee. | § | |

**MEMORANDUM  OPINION**

This appeal is before the Court on its own motion for determination whether the appeal should be dismissed for want of jurisdiction. Finding that Appellant did not timely file a notice of appeal, we dismiss the appeal for want of jurisdiction.

A civil appeal is perfected when the notice of appeal is filed. TEX.R.APP.P. 26.1; *Restrepo v. First Nat'l Bank of Dona Ana County, N.M.*, 892 S.W.2d 237, 238 (Tex.App.--El Paso 1995, no w    rit)(applying former TEX.R.APP.P. 40(a)(1)). When no motion for new trial or request for findings of fact and conclusions of law is filed, the notice of appeal must be filed within thirty days after the judgment is signed. TEX.R.APP.P. 26.1; *Restrepo*, 892 S.W.2d at 238. When motion for new trial is timely filed, or a party timely files a request for findings of fact and conclusions of law, the notice of appeal is due ninety days after the judgment is signed. *See* TEX.R.APP.P. 26.1(a). An untimely notice of appeal will be considered timely if it is filed within fifteen days after the due date and includes a reasonable explanation for the appellant's failure to file on the due date. *See* TEX.R.APP.P. 26.3; *Vergburgt v. Dorner*, 959 S.W.2d 615,

617 (Tex. 1997).

In this case, the trial court signed a motion for partial summary judgment in the County's favor on November 14, 2007. That order became a final and appealable judgment on January 14, 2008, when the trial court signed an order severing the summary judgment claims from the original suit. *See Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex. 1995). Appellant did not file a motion for new trial, or a request for findings of fact and conclusions of law following the severance order.[1] The notice of appeal was due to be filed February 13, 2008. *See* TEX.R.APP.P. 26.1. The notice of appeal was not filed until May 6, 2008, and therefore failed to perfect the appeal. *See id*. Accordingly, we dismiss the appeal for want of jurisdiction.

September 11, 2008

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Carr, JJ.

---

[1] Appellant did file a request for findings of fact and conclusions of law following the trial court's order granting the County's partial summary judgment motion, but before the claims were severed. Even if we were to consider Appellant's request for findings for the purpose of extending the date to perfect the appeal, Appellant's notice of appeal remains untimely as at the latest, it was due to be filed April 11, 2008. *See* TEX.R.APP.P. 26.1(a)(4).

-2-