COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
| --- | --- | --- |
| BARBARA K. PARMENTER, | § | No. 08-09-00019-CV |
|  | § |  |
| Appellant, | § | Appeal from |
|  | § |  |
| v. | § | County Court at Law No. 3 |
|  | § |  |
| SAMUEL L. BOYD, | § | of Dallas County, Texas |
|  | § |  |
| Appellee. | § | (TC # 06-10913-C) |
|  | § |  |

**MEMORANDUM OPINION**

Barbara K. Parmenter, pro se, appeals from a judgment entered in favor of Samuel L. Boyd. Having determined that Appellant failed to perfect this appeal, we dismiss the appeal for want of jurisdiction.

A civil appeal is perfected when the notice of appeal is filed. TEX.R.APP.P. 26.1; *see Restrepo v. First Nat'l Bank of Dona Ana County, N.M.*, 892 S.W.2d 237, 238 (Tex.App.--El Paso 1995, no writ)(applying former TEX.R.APP.P. 40(a)(1)). The notice of appeal must be filed within thirty days after the judgment is signed unless the appellant files a timely motion for new trial in which case the notice of appeal must be filed within ninety days after the judgment is signed. TEX.R.APP.P. 26.1(a)(1). To be timely, the motion for new trial must be filed within thirty days after the judgment or other appealable order is signed. TEX.R.CIV.P. 329b(a). A notice of appeal is considered timely if filed within fifteen days of the due date and accompanied by a reasonable explanation for the failure to file on the due date. *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

The record reflects that the trial court entered its judgment on October 3, 2008. The motion

for new trial was due to be filed on November 2, 2008 but Appellant did not file it until November 24, 2008. Thus, the motion for new trial did not extend the time for filing notice of appeal. The notice of appeal was due to be filed on November 2, 2008 but Appellant did not file it until December 1, 2008, more than fifteen days late. Appellant maintains in her docketing statement that she mailed the notice of appeal on November 24, 2008 but that date does not fall within the fifteen day time period for granting an extension of time. Appellant also relies on an order from the Fifth Court of Appeals granting her request to extend the time to file her docketing statement which was received by the court of appeals on December 19, 2008. That order did not purport to grant Appellant an extension of time in which to file her notice of appeal nor did the court of appeals find that she had timely perfected her appeal. Appellant also explains in her response that she is an out-of-state resident and has had difficulty obtaining information about how to proceed with the appeal. We generally recognize the difficulties facing pro se litigants, but the Rules of Appellate Procedure do not permit this Court to ignore its lack of jurisdiction in this case. Accordingly, we find that Appellant failed to perfect her appeal because she filed the notice of appeal outside of the time limits set forth in the Rules of Appellate Procedure. The appeal is dismissed for want of jurisdiction.


February 26, 2009

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.