COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| PATRICIA GREER, | § | |
| | | No. 08-08-00312-CV |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 448th District Court |
| PALM DESERT MANUFACTURED | § | |
| COMMUNITY ASSOCIATION, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC#2008-1314) |
| | § | |

**MEMORANDUM OPINION**

This appeal is before the Court on our own motion for determination whether it should be dismissed for lack of jurisdiction. *See* TEX.R.APP.P. 42.3(a). Finding that the notice of appeal was not timely filed, we will dismiss the appeal.

A civil appeal is perfected when the notice of appeal is filed. TEX.R.APP.P. 26.1; *Restrepo v. First Nat'l Bank of Dona Ana County, N.M.*, 892 S.W.2d 237, 238 (Tex.App.–El Paso 1995, no writ) (applying former TEX.R.APP.P. 40(a)(1)). When no motion for new trial or request for findings of fact and conclusions of law is filed, the notice of appeal must be filed within thirty days after the judgment is signed. TEX.R.APP.P. 26.1; *Restrepo*, 892 S.W.2d at 238. When a motion for new trial is timely filed, or a party timely files a request for findings of fact and conclusions of law, the notice of appeal is due ninety days after the judgment is signed. *See* TEX.R.APP.P. 26.1(a). An untimely notice of appeal will be considered timely if it is filed within fifteen days after the due date and includes a reasonable explanation for the appellant's failure to file on the due date. *See* TEX.R.APP.P. 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

The judgment in this case was entered on July 16, 2008. Although Appellant filed a motion

for new trial on August 27, 2008, it was not timely and therefore did not extend the deadline for the notice of appeal. *See* TEX.R.APP.P. 26.1. Thus, the notice of appeal was due to be filed no later than August 15, 2008. *See id*. Appellant did not file a notice of appeal until November 7, 2008. Therefore, Appellant's notice of appeal was untimely filed. By letter dated February 19, 2009, the clerk of this Court notified Appellant in writing of our intent to dismiss the case for want of jurisdiction, because the appeal had not been perfected. *See* TEX.R.APP.P. 42.3(a). Appellant has not responded to the notice. Accordingly, we dismiss the appeal for want of jurisdiction.

GUADALUPE RIVERA, Justice

March 19, 2009

Before Chew, C.J., McClure, and Rivera, JJ.