COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



PATRICIA GREER,


 Appellant,


v.


PALM DESERT MANUFACTURED
COMMUNITY ASSOCIATION,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-08-00312-CV



Appeal from the


448th District Court


of El Paso County, Texas


(TC#2008-1314)


MEMORANDUM OPINION


 This appeal is before the Court on our own motion for determination whether it should be
dismissed for lack of jurisdiction. See Tex.R.App.P. 42.3(a). Finding that the notice of appeal was
not timely filed, we will dismiss the appeal.

 A civil appeal is perfected when the notice of appeal is filed. Tex.R.App.P. 26.1; Restrepo
v. First Nat'l Bank of Dona Ana County, N.M., 892 S.W.2d 237, 238 (Tex.App.-El Paso 1995, no
writ) (applying former Tex.R.App.P. 40(a)(1)). When no motion for new trial or request for findings
of fact and conclusions of law is filed, the notice of appeal must be filed within thirty days after the
judgment is signed. Tex.R.App.P. 26.1; Restrepo, 892 S.W.2d at 238. When a motion for new trial
is timely filed, or a party timely files a request for findings of fact and conclusions of law, the notice
of appeal is due ninety days after the judgment is signed. See Tex.R.App.P. 26.1(a). An untimely
notice of appeal will be considered timely if it is filed within fifteen days after the due date and
includes a reasonable explanation for the appellant's failure to file on the due date. See
Tex.R.App.P. 26.3; Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997).

 The judgment in this case was entered on July 16, 2008. Although Appellant filed a motion
for new trial on August 27, 2008, it was not timely and therefore did not extend the deadline for the
notice of appeal. See Tex.R.App.P. 26.1. Thus, the notice of appeal was due to be filed no later than
August 15, 2008. See id. Appellant did not file a notice of appeal until November 7, 2008.
Therefore, Appellant's notice of appeal was untimely filed. By letter dated February 19, 2009, the
clerk of this Court notified Appellant in writing of our intent to dismiss the case for want of
jurisdiction, because the appeal had not been perfected. See Tex.R.App.P. 42.3(a). Appellant has
not responded to the notice. Accordingly, we dismiss the appeal for want of jurisdiction.


 GUADALUPE RIVERA, Justice


March 19, 2009


Before Chew, C.J., McClure, and Rivera, JJ.