COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



IN THE MATTER OF LUIS RAMIREZ
AND ALBA RAMIREZ.


 
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-09-00078-CV



Appeal from the


383rd District Court


of El Paso County, Texas


(TC#2003AG4905)



MEMORANDUM OPINION


 The Court reviews this appeal on its own motion to determine whether it should be dismissed
for want of jurisdiction. See Tex.R.App.P. 42.3(a). Finding that the notice of appeal was not timely
filed, we dismiss the appeal.

 A civil appeal is perfected when the notice of appeal is filed. Tex.R.App.P. 26.1; Restrepo
v. First Nat'l Bank of Dona Ana County, N.M., 892 S.W.2d 237, 238 (Tex.App.-El Paso 1995, no
writ) (applying former Tex.R.App.P. 40(a)(1)). When no motion for new trial or request for findings
of fact and conclusions of law is filed, the notice of appeal must be filed within thirty days after the
judgment is signed. Tex.R.App.P. 26.1; Restrepo, 892 S.W.2d at 238. When a motion for new trial
is timely filed, or a party timely files a request for findings of fact and conclusions of law, the notice
of appeal is due ninety days after the judgment is signed. See Tex.R.App.P. 26.1(a). An untimely
notice of appeal will be considered timely if it is filed within fifteen days after the due date and
includes a reasonable explanation for the appellant's failure to file on the due date. See
Tex.R.App.P. 26.3; Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997).

 The judgment in this case was entered on December 19, 2008. There was no motion for new
trial or a request for findings of fact and conclusions of law. Therefore, the notice of appeal was due
to be filed no later than January 18, 2009, thirty days after the final judgment. See Tex.R.App.P.
26.1. Appellant did not file a notice of appeal until March 6, 2009. Therefore, Appellant's notice
of appeal was untimely filed. By letter dated March 6, 2009, the Clerk of this Court notified
Appellant in writing of our intent to dismiss the case for want of jurisdiction because the appeal had
not been perfected. See Tex.R.App.P. 42.3(a). Appellant has not responded to the notice. 
Accordingly, we dismiss the appeal for want of jurisdiction.


 GUADALUPE RIVERA, Justice


April 9, 2009


Before Chew, C.J., McClure, and Rivera, JJ.