COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| RANI KATHAMUTHU, | § | No. 08-08-00306-CV |
| Appellant, | § | Appeal from the |
| v. | § | 388th District Court |
| SACHCHITHANANTHAM | § | of El Paso County, Texas |
| KUHANANTHAN, | § | (TC# 2006CM2713) |
| Appellee. | § | |

**MEMORANDUM OPINION**

Rani Kathamuthu, pro se, appeals from a judgment entered in favor of Sachchithanantham. Having determined that Appellant failed to perfect this appeal, we dismiss the appeal for want of jurisdiction.

A civil appeal is perfected when the notice of appeal is filed. TEX.R.APP.P. 26.1; *see Restrepo v. First Nat'l Bank of Dona Ana County, N.M.*, 892 S.W.2d 237, 238 (Tex.App.--El Paso 1995, no writ)(applying former TEX.R.APP.P. 40(a)(1)). The notice of appeal must be filed within thirty days after the judgment is signed unless the appellant files a timely motion for new trial in which case the notice of appeal must be filed within ninety days after the judgment is signed. TEX.R.APP.P. 26.1(a)(1). To be timely, the motion for new trial must be filed within thirty days after the judgment or other appealable order is signed. TEX.R.CIV.P. 329b(a). A notice of appeal is considered timely if filed within fifteen days of the due date and accompanied by a reasonable explanation for the failure to file on the due date. *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

The record reflects that the trial court entered its judgment on July 2, 2008 and Appellant

filed a timely motion for new trial on July 31, 2008. The notice of appeal was due to be filed on September 30, 2008 but Appellant did not file it until October 22, 2008, more than fifteen days late. On February 5, 2009, we gave notice to Appellant of our intent to dismiss for want of jurisdiction unless any party could show grounds for continuing the appeal. In her response, Appellant explains that she is pro se and unfamiliar with all of the relevant rules. We generally recognize the difficulties facing pro se litigants, but the Rules of Appellate Procedure do not permit this Court to ignore its lack of jurisdiction in this case. Accordingly, we find that Appellant failed to perfect her appeal because she filed the notice of appeal outside of the time limits set forth in the Rules of Appellate Procedure. The appeal is dismissed for want of jurisdiction.

April 9, 2009

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.