COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | No. 08-09-00173-CV |
| IN THE INTEREST OF J.O.V., N.J.V., | § | |
| K.E.V., C.V., E.V., and J.V., children. | | Appeal from the |
| | § | |
| | | 65th District Court |
| | § | |
| | | of El Paso County, Texas |
| | § | |
| | | (TC# 2007CM6716) |
| | § | |

**MEMORANDUM OPINION**

This appeal is before the Court on its own motion for determination of whether it should be dismissed for lack of jurisdiction. *See* TEX.R.APP.P. 42.3(a). Finding that no notice of appeal was filed, we will dismiss the appeal.

A civil appeal is perfected when the notice of appeal is filed. TEX.R.APP.P. 26.1; *see Restrepo v. First Nat'l Bank of Dona Ana County, N.M.*, 892 S.W.2d 237, 238 (Tex.App.–El Paso 1995, no writ) (applying former TEX.R.APP.P. 40(a)(1)). In accelerated cases such as this one, the notice of appeal must be filed within twenty days after the judgment is signed. TEX.R.APP.P. 26.1(b). The filing of a motion for new trial does not extend the time to perfect the appeal in accelerated cases, nor does a motion to modify the judgment. TEX.R.APP.P. 28.1(b); *In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005). A notice of appeal is considered timely if filed within fifteen days of the due date and accompanied by a reasonable explanation for the failure to file on the due date. *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). Unless a timely notice of appeal has been filed, we lack jurisdiction over the appeal. *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 737-38 (Tex. 2001).

The record reflects that the trial court entered its judgment on June 8, 2009, and Appellant received notice of the signing of the final judgment on June 23, 2009. On June 29, 2009, Appellant filed a motion to extend time to file the notice of appeal, contending that additional time was needed to file an affidavit of indigence. This Court granted the motion on July 1, 2009, but ordered that the notice of appeal and affidavit of indigence be filed by July 13, 2009. Neither a notice of appeal nor affidavit of indigence has been filed.

In *Grand Praire*, the Supreme Court held that a court of appeals may not dismiss an appeal in which the appellant filed the wrong instrument required to perfect the appeal without giving the appellant an opportunity to correct the error, as long as the instrument was timely filed in a bona fide attempt to invoke the appellate court's jurisdiction. *Grand Prairie Indep. Sch. Dist. v. S. Parts Imps., Inc.*, 813 S.W.2d 499, 500 (Tex. 1991). Assuming Appellant's motion to extend time to file the notice of appeal and affidavit of indigence was a bona fide attempt to invoke this Court's jurisdiction, Appellant, as discussed above, was given the opportunity to file a correct notice of appeal and affidavit of indigence. Appellant has not done so. Absent a notice of appeal, we lack jurisdiction over the appeal. The appeal, therefore, is dismissed for want of jurisdiction.

GUADALUPE RIVERA, Justice

September 23, 2009

Before Chew, C.J., McClure, and Rivera, JJ.