COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| GLORIA GARCIA, | § | |
| | | No. 08-09-00298-CV |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 34th District Court |
| CONTINENTAL CASUALTY INSURANCE CO., | § | |
| | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC# 2007-466) |
| | § | |

**<u>MEMORANDUM OPINION</u>**

Appellant, Gloria Garcia, appeals from a judgment entered in favor of Continental Casualty Insurance Company. Having determined she failed to perfect her appeal, we dismiss the appeal for want of jurisdiction.

A civil appeal is perfected when the notice of appeal is filed. TEX. R. APP. P. 26.1; *see Restrepo v. First Nat'l Bank of Dona Ana County, N.M.*, 892 S.W.2d 237, 238 (Tex. App.–El Paso 1995, no writ) (applying former TEX. R. APP. P. 40(a)(1)). The notice of appeal must be filed within thirty days after the judgment is signed unless the appealing party files a timely motion for new trial in which case the notice of appeal must be filed within ninety days after the judgment is signed. TEX. R. APP. P. 26.1(a)(1). To be timely, the motion for new trial must be filed within thirty days after the judgment or other appealable order is signed. TEX. R. CIV. P. 329b(a). An untimely filed motion for new trial does not extend the appellate deadline. *Id.* (motion for new trial "shall" be filed within thirty days after the judgment is signed). However, a notice of appeal is considered timely if filed within fifteen days of the due date and accompanied by a reasonable explanation for the failure to file on the due date. *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

The record reflects that the trial court signed its final judgment on August 12, 2009. Accordingly, Appellant's notice of appeal or motion for new trial was due to be filed by September 11, 2009. Appellant, however, did not file her motion for new trial until September 17, 2009, nor did she file her notice of appeal until November 16, 2009. On November 25, 2009, we gave notice to Appellant of our intent to dismiss for want of jurisdiction unless any party could show grounds for continuing the appeal. Appellant filed a response, contending she simply miscalculated the time periods and asking us to continue the appeal. We decline to do so. The times for filing a notice of appeal are jurisdictional in this Court, and absent a timely filed notice of appeal or a timely filed extension request, we must dismiss the appeal. *See* TEX. R. APP. P. 25.1(b), 26.3; *Verburgt*, 959 S.W.2d at 617. Finding Appellant failed to perfect her appeal because she filed the notice of appeal outside of the time limits set forth in the Rules of Appellate Procedure, we dismiss the appeal for want of jurisdiction.

GUADALUPE RIVERA, Justice

January 13, 2010

Before Chew, C.J., McClure, and Rivera, JJ.