COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



GLORIA GARCIA,


 Appellant,


v.


CONTINENTAL CASUALTY
INSURANCE CO.,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-09-00298-CV



Appeal from the


34th District Court


of El Paso County, Texas


(TC# 2007-466)


MEMORANDUM OPINION


 Appellant, Gloria Garcia, appeals from a judgment entered in favor of Continental Casualty
Insurance Company. Having determined she failed to perfect her appeal, we dismiss the appeal for
want of jurisdiction.

 A civil appeal is perfected when the notice of appeal is filed. Tex. R. App. P. 26.1; see
Restrepo v. First Nat'l Bank of Dona Ana County, N.M., 892 S.W.2d 237, 238 (Tex. App.-El Paso
1995, no writ) (applying former Tex. R. App. P. 40(a)(1)). The notice of appeal must be filed within
thirty days after the judgment is signed unless the appealing party files a timely motion for new trial
in which case the notice of appeal must be filed within ninety days after the judgment is signed. 
Tex. R. App. P. 26.1(a)(1). To be timely, the motion for new trial must be filed within thirty days
after the judgment or other appealable order is signed. Tex. R. Civ. P. 329b(a). An untimely filed
motion for new trial does not extend the appellate deadline. Id. (motion for new trial "shall" be filed
within thirty days after the judgment is signed). However, a notice of appeal is considered timely
if filed within fifteen days of the due date and accompanied by a reasonable explanation for the
failure to file on the due date. Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997).

 The record reflects that the trial court signed its final judgment on August 12, 2009. 
Accordingly, Appellant's notice of appeal or motion for new trial was due to be filed by September
11, 2009. Appellant, however, did not file her motion for new trial until September 17, 2009, nor
did she file her notice of appeal until November 16, 2009. On November 25, 2009, we gave notice
to Appellant of our intent to dismiss for want of jurisdiction unless any party could show grounds
for continuing the appeal. Appellant filed a response, contending she simply miscalculated the time
periods and asking us to continue the appeal. We decline to do so. The times for filing a notice of
appeal are jurisdictional in this Court, and absent a timely filed notice of appeal or a timely filed
extension request, we must dismiss the appeal. See Tex. R. App. P. 25.1(b), 26.3; Verburgt, 959
S.W.2d at 617. Finding Appellant failed to perfect her appeal because she filed the notice of appeal
outside of the time limits set forth in the Rules of Appellate Procedure, we dismiss the appeal for
want of jurisdiction.


 GUADALUPE RIVERA, Justice


January 13, 2010


Before Chew, C.J., McClure, and Rivera, JJ.