COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| VALERUS COMPRESSION | § | |
| SERVICES, A TEXAS LIMITED | | No. 08-13-00366-CV |
| PARTNERSHIP, VALERUS | § | |
| COMPRESSION SERVICES | | Appeal from the |
| MANAGEMENT, LLC, A TEXAS | § | |
| LIMITED LIABILITY COMPANY, | | 143rd District Court |
| GENERAL PARTNER, | § | |
| Appellants, | | of Reeves County, Texas |
| | § | |
| V. | | (TC# 13-01-20290-CVR) |
| | § | |
| REEVES COUNTY APPRAISAL | | |
| DISTRICT AND LOVING COUNTY | § | |
| APPRAISAL DISTRICT | | |
| Appellees. | § | |

## **MEMORANDUM OPINION**

This appeal is before the Court on its own motion to determine whether the cross-appeal of Reeves County Appraisal District and Loving County Appraisal District should be dismissed for want of jurisdiction. Finding that the notice of cross-appeal was not timely filed, we dismiss the appeal for want of jurisdiction.

A civil appeal is perfected when the notice of appeal is timely filed. TEX.R.APP.P. 25.1, 26.1; *see Restrepo v. First National Bank of Dona Ana County, N.M.*, 892 S.W.2d 237, 238 (Tex.App.--El Paso 1995, no writ). If the notice of appeal is untimely, the reviewing court lacks jurisdiction and must dismiss the case. *See Charette v. Fitzgerald*, 213 S.W.3d 505, 509 (Tex.App.--Houston [14th Dist.] 2006, no pet.). In an ordinary civil appeal appeal, the notice of

appeal must be filed within 30 days after the judgment or appealable order is signed or within 90 days if any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate under TEX.R.CIV.P. 165a, or makes a request for findings of fact and conclusions of law. TEX.R.APP.P. 26.1(a). The appellate court may extend the time to file the notice of appeal if, within fifteen days after the deadline passes, the appellant files (1) the notice of appeal in the trial court and (2) a motion for extension of time complying with Rule 10.5(b). TEX.R.APP.P. 26.3; *see* TEX.R.APP.P. 10.5(b); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

The trial court signed the summary judgment on November 12, 2013 and none of the parties filed a motion for new trial or motion to modify the judgment. Thus, the notice of appeal was due to be filed on December 12, 2103, thirty days after the judgment is signed. TEX.R.APP.P. 26.1(a). The Appellants, Valerus Compression Services, L.P. and Valerus Compression Services Management, L.L.C., timely filed their notice of appeal on December 12, 2013. Reeves County Appraisal District and Loving County Appraisal District did not file their notice of appeal until January 15, 2014. Rule 26.1(d) provides that if any party timely files notice of appeal, another party may file a notice of appeal within the applicable deadline stated under Rule 26.1 or fourteen days after the first filed notice of appeal, whichever is later. TEX.R.APP.P. 26.1(d). The deadline for Reeves County Appraisal District and Loving County Appraisal District to file their notice of appeal was December 27, 2013. Their notice of appeal filed nineteen days after the due date on January 15, 2014 was untimely.

On January 15, 2014, the Clerk of the Court notified Reeves County Appraisal District and Loving County Appraisal District that it appeared their notice of appeal had not been timely filed and informed them the Court intended to dismiss the appeal for want of jurisdiction unless any party could establish grounds for continuing the appeal. The notice required a response

within ten days, but no response has been filed.  Accordingly, we dismiss the cross-appeal of Reeves County Appraisal District and Loving County Appraisal District for want of jurisdiction. The appeal brought by Appellants, Valerus Compression Services, L.P. and Valerus Compression Services Management, L.L.C., will proceed.


February 19, 2014

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.