

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| FELIPE D.J. MILLAN, | § | No. 08-16-00314-CV |
| Appellant, | § | Appeal from |
| v. | § | County Court at Law No. 3 |
| CLAUDIA MILLAN, | § | of El Paso County, Texas |
| Appellee. | § | (TC # 2015DCV0253) |
|  | § |  |

## MEMORANDUM OPINION

This appeal is before the Court on its own motion to determine whether it should be dismissed for want of jurisdiction. Finding that Appellant, Felipe D. J. Millan, did not timely file his notice of appeal, we dismiss the appeal for want of jurisdiction.

A civil appeal is perfected when the notice of appeal is timely filed. TEX.R.APP.P. 25.1, 26.1; *see Restrepo v. First National Bank of Dona Ana County, N.M.*, 892 S.W.2d 237, 238 (Tex.App.--El Paso 1995, no writ). If the notice of appeal is untimely, the appellate court lacks jurisdiction and must dismiss the case. *See Charette v. Fitzgerald*, 213 S.W.3d 505, 509 (Tex.App.--Houston [14th Dist.] 2006, no pet.). In an ordinary civil case, the notice of appeal must be filed within 30 days after the judgment or appealable order is signed or within 90 days if any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate under TEX.R.CIV.P. 165a, or makes a request for findings of fact and conclusions of law.

TEX.R.APP.P. 26.1(a). The appellate court may extend the time to file the notice of appeal if, within fifteen days after the deadline passes, the appellant files (1) the notice of appeal in the trial court and (2) a motion for extension of time complying with Rule 10.5(b). TEX.R.APP.P. 26.3; *see* TEX.R.APP.P. 10.5(b); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

The trial court entered the final judgment on August 29, 2016. A motion for new trial must be filed no later than thirty days after the judgment or order complained of is signed. TEX.R.CIV.P. 329b(a). Thus, the motion for new trial was due to be filed on September 28, 2016. Appellant did not file his motion for new trial until September 29, 2016, one day late. Consequently, his notice of appeal was due to be filed no later than September 28, 2016 (thirty days after the trial court signed the judgment). Appellant did not file his notice of appeal until November 29, 2016. Because Appellant failed to timely file the notice of appeal, we dismiss the appeal for want of jurisdiction.

January 25, 2017

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.
Hughes, J., not participating