COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  | § |  |
|---|---|---|
| CAROL REEVES, |  | No. 08-17-00197-CV |
|  | § |  |
| Appellant, |  | Appeal from |
|  | § |  |
| v. |  | County Court at Law No. 6 |
|  | § |  |
| WELLS FARGO BANK, N.A., |  | of El Paso County, Texas |
|  | § |  |
| Appellee. |  | (TC # 2016-CCV00153) |
|  | § |  |

## MEMORANDUM OPINION

Leeland O. White, *pro se*, is attempting to appeal from the trial court's order denying his appearance in the case as the next friend of Carol Reeves. We dismiss the appeal for lack of jurisdiction.

Appellant, Leeland O. White, is not a party to the underlying case which is styled *Carol Reeves v. Wells Fargo Bank, N.A.* (cause number 2016-CCV00153). On February 9, 2016, Reeves appealed an eviction judgment entered in favor of Wells Fargo by the Justice Court to the County Court at Law No. 6 of El Paso County. On March 14, 2016, White filed a pleading in which he purported to act as next friend of Reeves pursuant to TEX.R.CIV.P. 44. The trial court, on March 16, 2016, denied White's request to appear as next friend of Reeves in this case. That same day, the trial court signed an order declaring Reeves to be a vexatious litigant and requiring her to

post security of $38,231.43 into the registry of the court.[1]  *See* TEX.CIV.PRAC.&REM.CODE ANN. §§ 11.054-.055 (West 2017).  The order provided that failure to post the required security by March 26, 2016 would result in immediate dismissal of Reeves' counterclaims.  The order also included a pre-filing order pursuant to Section 11.101.  *See* TEX.CIV.PRAC.&REM.CODE ANN. § 11.101. Reeves did not post the required security.  The trial court entered judgment in favor of Wells Fargo and issued the writ of possession on April 14, 2016.  Reeves did not appeal and the trial court's judgment became final.

More than a year later, on August 18, 2017, White, purportedly acting as next friend of Reeves, filed a motion to reopen and set aside the judgment.  White filed notice of appeal on August 24, 2017.  In his notice of appeal, White states:

> Leeland O. White, Next of Friend for Carol Reeves, neither appointed nor denied, now moves the Court on Appeal on this date, August 24, 2017 to the Eighth Court of Appeals.  Judge Peter Peca seems to be sitting on a Motion and is not ordering a requested hearing.

The Clerk of the Court sent a letter to Reeves notifying her of the Court's intent to dismiss the appeal for lack of jurisdiction.  On September 18, 2017, White filed a written response to the notice, stating that "[t]he appeal is by Leeland White - Not Carol Reeves."  White further stated that he is appealing the trial court's failure to recognize him as the "next friend" of Reeves.

It is well settled that appellate courts have jurisdiction over final judgments and interlocutory orders made appealable by statute.  *Lehmann v. Har-Con Corporation*, 39 S.W.3d 191, 195 (Tex. 2001); TEX.CIV.PRAC.&REM.CODE ANN. § 51.014 (West Supp. 2016)(authorizing appeals from certain interlocutory orders).  A civil appeal is perfected when the notice of appeal is timely filed.  TEX.R.APP.P. 25.1, 26.1; *see Restrepo v. First National Bank of Dona Ana County, N.M.*, 892 S.W.2d 237, 238 (Tex.App.--El Paso 1995, no writ).  If the notice of appeal is untimely,

---

[1] The vexatious litigant order recites that Reeves had filed numerous causes of action against Wells Fargo.

the appellate court lacks jurisdiction and must dismiss the case. *See Charette v. Fitzgerald*, 213 S.W.3d 505, 509 (Tex.App.--Houston [14th Dist.] 2006, no pet.). In an ordinary civil case, the notice of appeal must be filed within 30 days after the judgment or appealable order is signed, or within 90 days if any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate under TEX.R.CIV.P. 165a, or makes a request for findings of fact and conclusions of law. TEX.R.APP.P. 26.1(a). The appellate court may extend the time to file the notice of appeal if, within fifteen days after the deadline passes, the appellant files (1) the notice of appeal in the trial court and (2) a motion for extension of time complying with Rule 10.5(b). TEX.R.APP.P. 26.3; *see* TEX.R.APP.P. 10.5(b); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). Reeves did not appeal the final judgment by the deadline specified in the Rules of Appellate Procedure. More than one year after the trial court lost plenary jurisdiction, White, purportedly acting as next friend of Reeves, filed a motion to set aside the judgment. Finding that the notice of appeal filed by White on August 24, 2017 is untimely, we dismiss the appeal for lack of jurisdiction.

October 11, 2017

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.