**EAGLE LIFE INSURANCE COMPANY,
James T. Odiorne, Temporary
Receiver, Appellant,**

v.

**Jesus HERNANDEZ and wife, Ivonne
Hernandez, Individually and as Next
Friend of Monica Hernandez, a Minor,
Appellees.**

No. 08–87–00246–CV.

Court of Appeals of Texas,
El Paso.

Oct. 7, 1987.

Rehearing Denied Nov. 4, 1987.

Jack Brewster, Brewster and Mayhall, El
Paso, for appellant.

Kurt Paxson, Grambling and Mounce, El
Paso, for appellees.

Before OSBORN, C.J., and
SCHULTE and FULLER, JJ.

OPINION ON MOTIONS

PER CURIAM.

This is an attempted appeal from a judgment signed June 11, 1987. A timely motion for new trial was filed. Appellant was obligated to perfect the appeal by September 9, 1987. Rule 41(1), Tex.R.App.P. On September 17, 1987, Appellant filed a motion to extend time to file the notice of appeal, transcript and statement of facts. This was within the extension time permitted by Rule 41(2). In his motion, however, Appellant asserted an exemption from the requirement of filing an appellate cost bond. No bond has been filed, nor any timely motion to extend the time for filing such bond. That time has passed. The appeal is therefore dependent upon the merit of Appellant's claimed exemption.

Appellant relies exclusively upon Tex. Civ.Prac. & Rem.Code Ann. art. 6.001 (Vernon 1986), exempting certain governmental agencies and their officers from the requirements of an appellate bond. Appellant contends that under Tex.Ins.Code Ann. art. 21.28, he is the liquidator of the State Board of Insurance Commissioners and acting as an officer of that entity in his capacity as receiver for the Appellant insurance company. We cannot sanction such claim. First, there is no express exemption from bond contained in the pertinent portions of the Insurance Code. The general statutory provisions for receivership reflect that court costs are to be a first priority claim against funds held in receivership. Tex. Civ.Prac. & Rem.Code Ann. sec. 64.051 (Vernon 1986). Second, the liquidator, while subject to Insurance Board approval and court appointment as receiver, stands in the shoes of the insolvent corporation, not those of the Board of Insurance Commissioners. Under Article 21.28, sec. 12(b), the Board determines the reasonable compensation to be awarded the liquidator and his or her personnel. Such award does not, however, come out of the Insurance Board budget or other state revenues. It is to be

drawn from the funds or assets of the corporation in receivership. Section 12A provides that the liquidator and his staff, *when not involved in liquidation or conservation matters*, may be utilized for other insurance department work. In that case, however, compensation for this service *on behalf of the state entity* is subject to legislative appropriation. This highlights the fact that, while serving as receiver for a corporation in liquidation, the Appellant is not serving as an officer of the governmental entity and does not come under the entity's exemption. Article 6.001 has its origin in the common sense public policy of one branch of the government not taxing another branch. See: *National Surety Corporation v. Friendswood Independent School District*, 433 S.W.2d 690 (Tex.1968), and *City of Houston v. Hamons*, 496 S.W.2d 662, 665 (Tex.Civ.App.— Houston [14th Dist.] 1973, writ ref'd n.r.e.). Such policy is not implicated when the costs are assessed against the insolvent corporation through its receiver, whose compensation and expenses are to be claims against the assets of the corporation and not payments made by a governmental entity. Extending this analysis, we believe that the appellate costs of this litigation and any required bond to secure the same may be imposed upon the Appellant in this case. The bond and costs are expense claims which the Appellant receiver may have against the assets of Eagle Life Insurance Company.

Absent the availability of an exemption and the filing of a timely appeal bond, Appellant's attempted appeal is a nullity and necessitates dismissal of the cause from this Court's docket. Rule 13(i), Tex. R.App.P. The additional motions for extension of time are therefore moot.

Accordingly, this attempted appeal is hereby dismissed.