## GRAND PRAIRIE INDEPENDENT SCHOOL DISTRICT and City of Grand Prairie, Petitioners,

v.

## SOUTHERN PARTS IMPORTS, INC. d/b/a Southern Volks, Heller Financial, Inc. f/k/a Texas Heller Western, Inc., Willard Crotty, Southern Volks, Inc. and Steven Larkin, Respondents.

### No. D–0848.

Supreme Court of Texas.

June 19, 1991.

Rehearing Overruled Sept. 11, 1991.

Linda Tyson, Michael Kelly, Michael Jarrett, John Wright, Grand Prairie, for petitioners.

Maureen Armour, Phillip C. Umphres, Gary M. Pridavka, Robert D. Cohen, Harry J. Martin, Dallas, for respondents.

PER CURIAM.

This case presents the question whether a court of appeals may dismiss an appeal when the appellant files a notice of appeal, but should have filed an appeal bond, in order to perfect the appeal. The Grand Prairie Independent School District and the City of Grand Prairie timely filed a notice of appeal under Texas Rules of Appellate Procedure 40(a)(2).[1] The court of appeals dismissed Grand Prairie Independent

---

1. Any reference to a "Rule" refers to the Texas Rules of Appellate Procedure, unless otherwise noted.

School District's appeal for want of jurisdiction and denied leave to file an appeal bond to reinstate the appeal. 803 S.W.2d 762, 764. We hold that the court of appeals erred in dismissing Grand Prairie Independent School District's appeal and remand this case to the court of appeals for further proceedings in accordance with this opinion. We affirm the court of appeals' judgment as to the City of Grand Prairie.

This court has held that an appellant should be given an opportunity to amend a defective bond, a cash deposit in lieu of bond or an affidavit of inability before the court of appeals may dismiss the appeal. *Woods Exploration & Producing Co. v. Arkla Equip. Co.*, 528 S.W.2d 568, 569 (Tex.1975) (deposit in lieu of bond); *United Ass'n of Journeymen & Apprentices v. Borden*, 160 Tex. 203, 206, 328 S.W.2d 739, 741 (1959) (appeal bond); *Commercial Credit Corp. v. Smith*, 143 Tex. 612, 616, 187 S.W.2d 363, 365 (1945) (affidavit of inability to post bond). A court of appeals has jurisdiction over any appeal where the appellant files an instrument that "was filed in a bona fide attempt to invoke appellate court jurisdiction." *Walker v. Blue Water Garden Apartments*, 776 S.W.2d 578, 581 (Tex.1989); *see also Borden*, 160 Tex. at 206, 328 S.W.2d at 741; *Woods*, 528 S.W.2d at 570.

Rule 46(f) follows this policy of liberally permitting appellants to amend appeal bonds and cash deposits in lieu of bonds.[2] Rule 83 also incorporates this policy by providing that "an appeal [shall not be] dismissed for defects or irregularities in appellate procedure, either of form or substance, without allowing a reasonable time

to correct or amend such defects or irregularities...." This court applied Texas Rules of Civil Procedure 437, the predecessor to Rule 83,[3] in holding that a court of appeals erred in dismissing an appeal "without the allowance of a reasonable time for correction of the defect...." *Commercial Credit*, 143 Tex. at 616, 187 S.W.2d at 365. On the authority of Rule 83, we now extend our prior rulings and hold that a court of appeals may not dismiss an appeal when the appellant filed the wrong instrument required to perfect the appeal without giving the appellant an opportunity to correct the error. If the appellant timely files a document in a bona fide attempt to invoke the appellate court's jurisdiction, the court of appeals, on appellant's motion, must allow the appellant an opportunity to amend or refile the instrument required by law or our Rules to perfect the appeal.[4]

Pursuant to Rule 170, a majority of this court grants petitioners' application for writ of error and, without hearing oral argument, reverses the judgment of the court of appeals dismissing Grand Prairie Independent School District's appeal. We affirm the remaining portions of the court of appeals' judgment with respect to the City of Grand Prairie. We remand the case to the court of appeals for consideration of the merits of the Grand Prairie Independent School District's appeal.

---

**2.** Rule 46(f) provides in pertinent part: "On motion to dismiss an appeal or writ of error for a defect of substance or form in any bond or deposit given as security for costs, the appellate court may allow the filing of a new bond or the making of a new deposit in the trial court on such terms as the appellate court may prescribe."

**3.** *See Walker*, 776 S.W.2d at 581 n. 7.

**4.** To the extent that the following cases conflict with our holding today, they are disapproved. *Eagle Life Ins. Co. v. Hernandez*, 743 S.W.2d 671 (Tex.App.—El Paso 1987, writ denied) (per curiam); *Plano Indep. School Dist. v. Oake*, 682 S.W.2d 359 (Tex.App.—Dallas 1984), *rev'd on other grounds*, 692 S.W.2d 454 (Tex.1985); *Marshall v. Brown*, 635 S.W.2d 578 (Tex.App.—Amarillo 1982, writ ref'd n.r.e.).