IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN





 





NO. 3-92-094-CV





MAXINE ELIZABETH PAUL,



 APPELLANT


vs.





TEXAS DEPARTMENT OF HUMAN SERVICES,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT



NO. 473,126, HONORABLE F. SCOTT MCCOWN, JUDGE



 





PER CURIAM



 Appellant Maxine Elizabeth Paul seeks to appeal from a final decree of termination
of parental rights rendered by the district court of Travis County on November 21, 1991. The
attorney ad litem for the child has filed a motion to dismiss the appeal. We will overrule the
motion and dismiss the appeal for want of prosecution.

 Paul filed a timely motion for new trial on December 23, 1991, and a timely
affidavit of inability to post appeal bond on February 19, 1992. Tex. R. Civ. P. Ann. 329b(a)
(Supp. 1992); Tex. R. App. P. Ann. 41(a) (Pamph. 1992). The transcript was timely filed in this
Court on February 28, 1992. Tex. R. App. P. Ann. 54(a) (Pamph. 1992).

 The statement of facts was due to be filed no later than March 20, 1992. Id. On
April 6, 1992, Paul filed a motion for extension of time within which to file the statement of facts
and her brief. (1) Tex. R. App. P. Ann. 54(c), 74(n) (Pamph. 1992). This Court submitted and
dismissed the motion on April 9, 1992. To date, Paul has filed neither a motion requesting this
Court to reconsider its disposition nor an amended motion for extension of time.

 The attorney ad litem now contends that this Court should dismiss the appeal
because Paul failed to notify the court reporter of the filing of her affidavit of inability to post
bond and because she has not filed a statement of facts. Tex. R. App. P. Ann. 40(a)(3)(B), 54(a)
(Pamph. 1992). Although we agree that the record does not show that Paul timely notified the
court reporter of the filing of the affidavit of inability to post appeal bond, we decline to dismiss
the appeal on this basis. See generally Jones v. Stayman, 747 S.W.2d 369, 370 (Tex. 1987, orig.
proceeding); Matlock v. Allstate Ins. Co., 729 S.W.2d 960 (Tex. App. 1987, no writ); Bantuelle
v. Renfroe, 620 S.W.2d 635, 640 (Tex. Civ. App. 1981, orig. proceeding).

 Paul also filed a notice of appeal on February 19, 1992. Although Paul is not a
party who may perfect an appeal by the filing of a notice of appeal, she may have "file[d] the
document in a bona fide attempt to invoke the appellate court's jurisdiction." Grand Prairie
Indep. Sch. Dist. v. Southern Parts Imports, Inc., 813 S.W.2d 499, 500 (Tex. 1991). The notice
of appeal, if properly amended, may be effective to perfect an appeal in spite of any defect in the
affidavit of inability to post appeal bond. See Id.

 This Court may, however, dismiss an appeal if the appellant fails to file a statement
of facts, or a brief. Tex. R. App. P. Ann. 54(a), 74 (l)(1) (Pamph. 1992); see also Tex. R. App.
P. Ann. 60 (Pamph. 1992). As stated previously, Paul has taken no action to extend the filing
dates since this Court dismissed her motion to extend time. Because Paul has not filed a statement
of facts, her brief was due to be filed "within thirty days after the filing of the transcript," that
is, on or before March 30, 1992. Tex. R. App. P. Ann. 74(k) (Pamph. 1992).

 Accordingly, the motion to dismiss is submitted and overruled. The appeal is
dismissed for want of prosecution.


[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]

Appeal Dismissed for Want of Prosecution

Filed: May 20, 1992

[Do Not Publish]
1. Because April 4, 1992, the fifteenth day was a Saturday, Paul's motion was timely filed. 
Tex. R. App. P. Ann. 5(a) (Pamph. 1992).