CV6-385.M.P.DRAFT 

TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-96-00385-CV

In the Matter of M. P.

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT

NO. J-14,501, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING

PER CURIAM

 M. P. attempts to appeal an adjudication of delinquency. A transcript in the cause was
timely received by this Court on July 9, 1996. 

 In reviewing the transcript, the Clerk of this Court noted that appellant timely filed a notice
of appeal with the juvenile court on June 3, 1996. By letter of July 15, 1996, this Court notified appellant
that appellant was not a party that may perfect an appeal by filing a notice of appeal. See Tex. Civ. Prac.
& Rem. Code Ann. §§ 6.001-.003 (West Supp. 1997). Additionally, this Court informed appellant that
while the notice of appeal was a timely bona fide attempt to perfect the appeal and invoke the Court's
jurisdiction, the notice was a defective perfecting instrument. Grand Prairie Indep. Sch. Dist. v. Southern
Parts Imports, Inc., 813 S.W.2d 499, 500 (Tex. 1991). The Court informed appellant, by the July 15
letter, that appellant could amend the defective perfecting instrument by filing a proper affidavit of inability
to pay costs of appeal or give security, an appeal bond, or certificate of cash deposit in the juvenile court
and then forward a copy by a supplemental transcript to this Court. Finally, the letter stated that if appellant
did not file a proper perfecting instrument by August 16, 1996, the appeal may be dismissed unless the
parties responded within ten days showing grounds for continuing the appeal. Tex. R. App. P. 60(a)(2).

 The time for filing a supplemental transcript containing a proper perfecting instrument has
passed with no action by M. P. Without an effective perfecting instrument, this Court has no jurisdiction
over the appeal. Davies v. Massey, 561 S.W.2d 799, 801 (Tex. 1970). Because appellant has failed to
file a supplemental transcript containing a proper perfecting instrument, this Court is without jurisdiction
over the appeal. Accordingly, we dismiss the appeal for want of jurisdiction. Tex. R. App. P. 60(a)(2).

Before Justices Powers, Aboussie and Jones

Appeal Dismissed for Want of Jurisdiction

Filed: January 16, 1997

Do Not Publish