cv6-398.Hord.draft 

TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-96-00398-CV

Sara Watts Hord, Appellant

v.

Texas Department of Protective and Regulatory Services, Appellee

FROM THE DISTRICT COURT OF RUNNELS COUNTY, 119TH JUDICIAL DISTRICT

NO. 353, HONORABLE JOHN E. SUTTON, JUDGE PRESIDING

PER CURIAM

 Appellant Sara Hord seeks to appeal the trial court's judgment signed April 4, 1996. 
Appellant filed a motion for new trial on May 3, 1996. Appellant's deadline for filing a cost bond or
affidavit of inability to pay costs of appeal was July 3, 1996.

 In reviewing the transcript, the Clerk of this Court noted that appellant timely filed a notice
of appeal with the district court on July 1, 1996. By letter of July 19, 1996, this Court notified appellant
that she was not a party that may perfect an appeal by filing a notice of appeal. See Tex. Civ. Prac. &
Rem. Code Ann. §§ 6.001-.003 (West Supp. 1997). Additionally, this Court informed appellant that while
the notice of appeal was a timely bona fide attempt to perfect the appeal and invoke the Court's jurisdiction,
the notice was a defective perfecting instrument. Grand Prairie Indep. Sch. Dist. v. Southern Parts
Imports, Inc., 813 S.W.2d 499, 500 (Tex. 1991). The Court informed appellant, by the July 19 letter,
that appellant could amend the defective perfecting instrument by filing a proper affidavit of inability to pay
costs of appeal or give security, an appeal bond, or certificate of cash deposit in the district court and then
forwarding a copy by a supplemental transcript to this Court. Finally, the letter stated that if appellant did
not file a proper perfecting instrument by August 16, 1996, the appeal may be dismissed unless the parties
responded within ten days showing grounds for continuing the appeal. Tex. R. App. P. 60(a)(2).

 The time for filing a supplemental transcript containing a proper perfecting instrument has
passed with no action by Hord. Without an effective perfecting instrument this Court has no jurisdiction
over the appeal. Davies v. Massey, 561 S.W.2d 799, 801 (Tex. 1970). Because appellant has failed to
file a supplemental transcript containing a proper perfecting instrument, this Court is without jurisdiction
over the appeal. Accordingly, we dismiss the appeal for want of jurisdiction. Tex. R. App. P. 60(a)(2).

Before Justices Powers, Jones and Kidd

Appeal Dismissed for Want of Jurisdiction

Filed: February 13, 1997

Do Not Publish