Motion for Rehearing Overruled and Opinion filed January 16, 2003









Motion for Rehearing Overruled and Opinion filed January 16, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-00808-CV

____________

 

C. CHAMBERS ENTERPRISES, INC. and

CAROLYN CHAMBERS, Individually,
Appellants

 

V.

 

6250 WESTPARK, LP, Appellee

 



 

On
Appeal from the 55th District

Harris County, Texas

Trial
Court Cause No. 01-07460

 



 

O
P I N I O N   O N   R E H E A R I N G

This is an attempted appeal from a final judgment signed
March 28, 2002.  Appellants filed a
motion for new trial on April 26, 2002.  Appellants= notice of appeal was not filed until August 2, 2002.  Accordingly, this Court dismissed the appeal
for want of jurisdiction because the notice of appeal was not filed
timely.  See Tex. R. App. P. 26.1(a).








Appellants filed a motion for rehearing in which they assert
that their motion for new trial filed on April 26, 2002, within thirty days of
judgment, was a Abona fide attempt@ to invoke this court=s jurisdiction.  See Grand Prairie I.S.D. v. Southern Parts
Imports, Inc., 813 S.W.2d 499, 500 (Tex. 1991) (holding that a court of
appeals has jurisdiction over any appeal where appellant files an instrument in
a bona fide attempt to invoke appellate court jurisdiction).

To support their argument, appellants rely on In re M.A.H.,
2002 WL 31319959, No. 10-02-234-CV, (Tex. App.CWaco, Oct. 16, 2002, no pet.
h.).  In M.A.H., appellant
attempted to appeal a judgment terminating her parental rights, but her notice
of appeal was filed untimely.[1]  Appellant had filed a motion for new trial
and an affidavit of indigence within the fifteen-day extension period,
however.  See Tex. R. App. P. 26.3; Verburgt v. Dorner,
959 S.W.2d 615, 617 (Tex. 1997) (holding motion for extension is implied if
perfecting instrument is filed within fifteen days of its due date).  The Waco court recognized that if appellant
filed the motion for new trial or the indigence affidavit in a Abona fide attempt@ to invoke appellate jurisdiction,
then it would imply a motion for extension of time to perfect the appeal.  M.A.H., at **1-2.  The court then ordered that the appeal would
be dismissed for want of jurisdiction unless appellant filed a response showing
a reasonable explanation for the late filing. 
Id. at *2.  

Some support for the result in M.A.H. can be found in
Texas Supreme Court precedent applying the former rules of appellate
procedure.  The Verburgt
implied motion for extension was applied to an untimely affidavit of indigency filed in lieu of the cost bond formerly used to
perfect appeals in Jones v. City of Houston, 976 S.W.2d 676, 677 (Tex.
1998).  The court recognized that an
affidavit in lieu of bond was an alternate method of perfecting an appeal.  Id. 
Not so a motion for new trial. 
Accordingly, we decline to follow that portion of the M.A.H. holding
that indicates a motion for new trial could be filed in a bona fide attempt to
invoke appellate jurisdiction.








We agree instead with the arguments raised in the dissenting
opinion recognizing that Aseldom, if ever, could a motion for new trial be intended to
invoke our jurisdiction, because the express purpose of a motion for new trial
is just that, to have the trial court order a new trial, not to obtain
appellate review of the judgment.@ 
In re M.A.H., No. 10-02-234-CV, 2002 WL 31319959,*2 (Tex. App.CWaco, Oct. 16, 2002, no pet. h.) (Gray, J., dissenting and
concurring).  To accept appellants= arguments in this case would obviate the necessity for
filing a notice of appeal, making appeal automatic whenever a motion for new
trial is filed, in direct contradiction of the spirit and plain meaning of the
appellate rules.  The rules contemplate
additional time to file the notice of appeal when a motion for new trial is
filed so that the trial court may have the opportunity to consider and rule on
the motion before an appeal is commenced.  See Tex.
R. App. P. 26.1(a).  Even where a motion for new trial is required
to preserve an issue for appeal, the motion is construed as a prerequisite to
an appeal, not an effort to invoke appellate jurisdiction.  M.A.H., at *2 (Gray, J., concurring
and dissenting); see also Tex. R. Civ. P. 324(b).  We conclude appellants=
motion for new trial did not invoke this Court=s jurisdiction and their notice of appeal was filed too late to
do so.

Accordingly, we overrule appellants= motion for rehearing.

 

PER CURIAM

 

Motion for Rehearing Overruled and
Opinion filed January 16, 2003.

Panel consists of Chief Justice Brister and Justices Hudson and Fowler.

 











[1]  Because the
appeal of an order terminating parental rights is accelerated, the notice of
appeal is due twenty days after the judgment is signed, and a motion for new
trial does not extend the filing period. 
See Tex. Fam. Code Ann. ' 109.002(a); Tex. R.
App. P. 26.1(b).