In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-437 CV


____________________



ARNOLD RAY LAMOTTE, JR., Appellant



V.



WILLIAM SHERMAN (1) AND WARREN WORTHY, Appellees






On Appeal from the 258th District Court


Polk County, Texas


Trial Cause No. CIV 21457






MEMORANDUM OPINION (2)


 On October 15, 2004, Arnold Ray Lamotte, Jr., filed notice of appeal of a judgment
signed August 23, 2004. We questioned our jurisdiction, and requested briefing. Only
the appellant responded. The appellant failed to mail a copy of the brief to the appellees,
and on February 22, 2005, we advised the appellant that the Court would not consider the
brief until the appellant complied with the service requirement. 

 Lamotte is an inmate who filed an affidavit of indigence in the trial court. On
August 23, 2004, the trial court dismissed the suit without prejudice for failure to comply
with Chapter 14 of the Texas Civil Practice and Remedies Code. On September 21, 2004,
Lamotte filed a document titled "Pro-Se Plaintiff's Motion Of Leave's For Order's Signed
By 258th District Court That Have Not Been Received." The motion, which is dated
September 10, 2004, refers to the order of August 23, 2004, and complains that the clerk
did not provide him with a photocopy of the order. The thirtieth day after judgment was
September 22, 2004. On September 24, 2004, Lamotte filed a document titled "Pro-Se
Plaintiff's Motion Of Leave For Extension Of Enlargement Of Time For A Notice Of
Appeal." The motion, which is dated September 20, 2004, states that the notice of appeal
must be filed by September 23, 2004, and complains that the movant cannot prepare a
motion to reinstate or a notice of appeal without a copy of the order dismissing the suit
without prejudice. The trial court granted the motion on October 12, 2004, but the order
had no discernable effect on the proceedings, as the trial court did not set a new judgment
date or grant the other relief described in the draft order provided by Lamotte. On
October 13, 2004, Lamotte filed a motion to reinstate the case; the trial court denied the
motion on October 18, 2004. Lamotte filed notice of appeal on October 15, 2004. The
notice of appeal was filed more than thirty but less than ninety days after the trial court
signed the judgment. The notice was also filed outside the grace period for filing notice
of appeal. Tex. R. App. P. 26.3. 

 There are several ways in which a notice of appeal filed more than 30 days after
judgment may effectively invoke the jurisdiction of the Court of Appeals. First, if the trial
court signs a new judgment within the period of its plenary power, the appellate timetable
begins anew from the new date of judgment. Tex. R. Civ. P. 329b(h). That did not occur
in this case. The trial court granted a motion, but thirty days had already elapsed, and the
trial court did not replace its dismissal order with a new judgment.

 Second, at any time the trial court may sign a judgment nunc pro tunc setting a new
date of judgment. See Tex. R. Civ. P. 306a(6). This remedy is available for a party who
does not receive notice of judgment within 20 days. Tex. R. Civ. P. 306a(4). Based upon
the date of the motion filed September 23, Lamotte had actual notice of judgment no later
than September 10, 2004. Because this date was less than twenty days after judgment,
Lamotte is not entitled to an order setting a new date of judgment pursuant to Tex. R. Civ.
P. 306a(5). The motion granted by the trial court on October 12, 2004, did not establish
a new date of judgment. Furthermore, the trial court did not sign a judgment nunc pro
tunc pursuant to Tex. R. Civ. P. 316.

 Third, the appellant may file a document that triggers the extended timetable. The
documents that extend the time for filing notice of appeal include: (1) a motion for new
trial; (2) a motion to modify the judgment; (3) a motion to reinstate; or (4) a request for
findings of fact and conclusions of law. Tex. R. App. P. 26.1(a). None of the documents
filed within thirty days of judgment assail the judgment itself. The September 21 "leave"
motion merely complains the clerk did not provide a photocopy of the judgment with the
notice of judgment provided under Tex. R. Civ. P. 306a(3). Although the appellant's
September 24 "enlargement" motion articulates an intention to appeal at some time in the
future, it does not articulate a present intention to appeal. The October 13 "reinstatement"
motion is dated October 8, 2004, and therefore could not have been filed within 30 days
of August 23. None of the documents filed by Lamotte after judgment can be reasonably
considered to be one of the documents identified in Rule 26.1(a). Tex. R. App. P. 26.1(a). 
 If Lamotte made a bona fide attempt to invoke our appellate jurisdiction within the
time permitted for filing notice of appeal, he could substitute the correct document and the
later-filed notice of appeal would relate back to the date of the original document. See
Grand Prairie Indep. Sch. Dist. v. Southern Parts Imports, Inc., 813 S.W.2d 499, 500
(Tex.1991). In this case, however, the only post-judgment documents filed within the
appropriate time limit were the two motions. In one, Lamotte is complaining that he has
not been provided a copy of the judgment, but he is obviously aware that the case has been
dismissed without prejudice for failure to comply with Chapter 14. In the other motion,
Lamotte is seeking additional time in which to file a post-trial motion or a notice of appeal.
This document conveys an intention to appeal at some time in the future, and it is not
intended to be the perfecting instrument. Likewise, this document is not an inartfully
worded motion for new trial, as it states that Lamotte cannot file a motion for new trial
without first receiving the dismissal order. We conclude Lamotte did not make a bona fide
attempt to appeal within the time permitted by our procedural rules.

 The Court finds the appellant failed to timely perfect an appeal. Accordingly, we
dismiss the appeal for lack of jurisdiction. 

 APPEAL DISMISSED. 

 PER CURIAM


Opinion Delivered March 3, 2005 

Before McKeithen, C.J., Kreger and Horton, JJ.
1. The appellant refers to appellee Sherman as "Sherman Williams."
2. Tex. R. App. P. 47.4.