Dismissed and Memorandum Opinion filed December 20, 2007








Dismissed
and Memorandum Opinion filed December 20, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00916-CV

____________

 

DONALD R. LAIRD, Appellant

 

V.

 

CITY OF HOUSTON, Appellee

 



 

On Appeal from the
125th District Court

Harris County, Texas

Trial Court Cause No.
2005-38477

 



 

M E M O R A N D U M   O P I N I O N

This is an attempted appeal from a final judgment signed
June 13, 2007.  Appellant filed a timely motion for new trial on July 12,
2007.  Appellant=s notice of appeal was due on or before
September 10, 2007.  See Tex. R.
App. P. 26.1(a) (requiring a notice of appeal to be filed within 90 days
after the judgment is signed when a timely motion for new trial is filed). 
Appellant=s notice of appeal was not filed until October 24,
2007, however.  The clerk=s record was filed on December 7, 2007.








After review of the clerk=s record, we
determine that appellant=s notice of appeal was not filed timely. 
An appellate court may extend the time to file a notice of appeal if the notice
of appeal and a motion for extension of time are filed within fifteen days
after its due date.  Tex. R. App. P. 26.3. 
A motion for extension of time is necessarily implied when an appellant, acting
in good faith, files a notice of appeal beyond the time allowed by rule 26.1,
but within the fifteen-day grace period provided by Rule 26.3 for filing a
motion for extension of time.  See Verburgt v. Dorner, 959 S.W.2d 615,
617-18 (Tex. 1997) (construing the predecessor to Rule 26).  Appellant=s notice of appeal
was not filed within the fifteen-day period provided by rule 26.3

On November 21, 2007, appellee filed a motion to dismiss
the appeal for want of jurisdiction.  See Tex. R. App. P. 42.3(a).  Appellant filed a response on
December 4, 2007, in which he argued that he made a bona fide attempt to appeal
when he filed his motion for new trial.  See Grand Prairie I.S.D. v.
Southern Parts Imports, Inc., 813 S.W.2d 499, 500 (Tex. 1991) (holding that
a court of appeals may not dismiss an appeal for filing the wrong instrument
without providing an opportunity to amend when appellant has made a timely bona
fide attempt to invoke our jurisdiction).  Alternatively, appellant requested
an extension of time to file his notice of appeal. 

Appellant=s response does not demonstrate that this
court has jurisdiction over this appeal.  A motion for new trial does not
constitute a bona fide attempt to appeal.  In re K.A.F., 160 S.W.3d 923,
928 (Tex. 2005).  In addition, because appellant=s notice of appeal
was filed beyond the 15-day grace period in Rule 26.3, we have no authority to
grant an extension of time to file the notice of appeal.

 

 








Therefore, we are without jurisdiction to consider this
appeal.  Accordingly, we grant appellee=s motion, and the
appeal is ordered dismissed.

 

PER CURIAM

Judgment rendered and Memorandum
Opinion filed December 20, 2007.

Panel consists of Chief Justice
Hedges and Justices Anderson and Seymore.