**Opinion issued July 12, 2012.**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-11-00996-CV

_____

**TAMIEKA SINGH, Appellant**

**V.**

**HELDA H. SHAGHAGHI, Appellee**

---

**On Appeal from the County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Cause No. 1002508**

---

## MEMORANDUM OPINION

On November 16, 2011, appellant Tamieka Singh filed an affidavit of indigence with the trial court clerk. Although appellant has not filed a notice of

appeal, the trial court clerk assigned this appeal to this Court, based upon the affidavit of indigence.

The filing of a notice of appeal by any party invokes the appellate court's jurisdiction. *See* TEX. R. APP. P. 25.1(b). A court of appeals has jurisdiction over any appeal where the appellant files an instrument that was filed in a bona fide attempt to invoke appellate court jurisdiction. *Linwood v. NCNB Tex.*, 885 S.W.2d 102, 103 (Tex. 1994); *Grand Praire Indep. Sch. Dist. v. Southern Parts Imports, Inc.*, 813 S.W.2d 499, 500 (Tex. 1991). If the appellant timely files a document in a bona fide attempt to invoke the appellate court's jurisdiction, the court of appeals, on appellant's motion, must allow the appellant an opportunity to perfect the appeal by amending or refiling. *See Grand Praire Indep. Sch. Dist.*, 813 S.W.2d at 500.

Appellant has not filed a notice of appeal, but has filed an affidavit of indigence. An affidavit of indigence is not an instrument that is filed to invoke the appellate court's jurisdiction. *In re R.B.M.*, 338 S.W.3d 755, 757 (Tex. App.—Houston [14th] 2011, no pet.). The affidavit concerns the separate question of whether appellant must pay appellate costs in advance. *Id.*; *see In re J.W.*, 52 S.W.3d 730, 733 (Tex. 2001) (per curiam). Thus, the filing of an affidavit of indigence does not constitute a bona fide attempt to invoke this Court's jurisdiction. *In re R.B.M.*, 338 S.W.3d at 757.

On March 29, 2012, we notified appellant that her appeal was subject to dismissal for want of jurisdiction unless, by April 11, 2012, she filed a response showing grounds for continuing the appeal. Appellant has not filed a response.

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Jennings and Keyes.