**Reverse and Remand and Opinion Filed August 5, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-00137-CV

### LORRIE FRAZIN, Appellant
### V.
### MARC SAUTY AND BENEDICTE SAUTY, Appellees

**On Appeal from the County Court at Law No. 3**
**Dallas County, Texas**
**Trial Court Cause No. CC-11-00258-C**

## MEMORANDUM OPINION
Before Justices Moseley, Lang, and Brown
Opinion by Justice Lang

Lorrie Frazin appeals the county court's final judgment in favor of Marc Sauty and Benedicte Sauty, awarding them $6,585 in actual damages in their suit pursuant to section 92.109(a) of the Texas Property Code against Frazin for failure to return their security deposit. In two issues, Frazin contends the county court erred when it granted the Sautys' motion for summary judgment on their claim for failure to return the security deposit because Frazin raised issues of material as to whether: (1) Frazin retained the security deposit in violation of chapter 92, subchapter C of the Texas Property Code; and (2) Frazin rebutted the presumption of bad faith. In response, the Sautys argue this Court has no jurisdiction to hear this appeal because Frazin failed to timely file and obtain an appeal bond, violating Texas Rules of Civil Procedure 567 and 571.

We conclude this Court has jurisdiction over this appeal. Also, we conclude the county court erred when it granted traditional summary judgment in favor of the Sautys because Frazin raised an issue of material fact regarding whether she retained the security deposit in violation of chapter 92, subchapter C of the Texas Property Code. The county court's final judgment is reversed and the case is remanded for further proceedings consistent with this memorandum opinion. We issue this memorandum opinion because the issues in this appeal are settled. TEX. R. APP. P. 47.4.

## I. PROCEDURAL BACKGROUND

The Sautys filed suit against Frazin in the justice of the peace court alleging a claim for "failure to return deposit." Frazin did not file a counter-claim for damages. When Frazin "failed to personally appear [at the trial] or present any evidence of the required notice or itemized deductions," the justice of the peace court rendered a directed verdict in favor of the Sautys, awarding damages in the amount of $6,735 and attorneys' fees in the amount of $1,200.

Frazin sought a de novo appeal of the justice of the peace court's final judgment in the county court. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.001 (West 2008); TEX. R. CIV. P. 506. The parties did not file any new or supplemental pleadings in the county court. The Sautys filed a motion for summary judgment on their claim. Also, the Sautys filed a motion to dismiss for lack of jurisdiction, claiming the county court did not have jurisdiction to hear the appeal because Frazin failed to timely file and obtain an appeal bond, violating Texas Rules of Civil Procedure 567 and 571. The county court granted the Sautys' motion to dismiss for lack of jurisdiction. Frazin filed a motion for new trial, which the county court granted.

In their motion for traditional summary judgment, the Sautys asserted they were entitled to judgment as a matter of law because there were no material issues on their claim that Frazin

–2–

failed to return their security deposit in bad faith.[1]  In particular, they claimed Frazin retained the security deposit in violation of chapter 92, subchapter C of the Texas Property Code because:

> [T]he Lease expired by its own terms on June 31 (which [the Sautys] interpret as June 30, the last day of the month) 2009, and [[the Sautys] provided a forwarding address on December 24, 2008, and when [the Sautys] relocated (after the date the refund was due), on August 18, 2009, [the Sautys] updated the address.  At no time during the term of the Lease did [Frazin] notify [the Sautys] of any breach of the lease.  [Frazin] did not send any notice of intent to withhold the deposit until August 21, 2009, which was fifty[-]two (52) days after the termination of the Lease, and more than thirty (30) days after the date any right to offset was permissible under statute.

Also, in their motion for summary judgment, the Sautys argued they were entitled to a presumption that Frazin acted in bad faith pursuant to section 92.109(d) because, within thirty days after the Sautys surrendered possession of the property, Frazin failed to both return their security deposit and to provide an accounting.  Further, the Sautys argued that Frazin could not overcome the presumption of bad faith because the damages she alleged were normal wear and tear, which is prohibited under section 92.104(b).  In addition, the Sautys argued, pursuant to section 92.109(c), Frazin could not meet her burden to show that her retention of the security deposit was reasonable because some of the damages were "unknown" and "could not be quantified."

After the county court granted Frazin's motion for new trial, Frazin filed her response to the motion for summary judgment, arguing she raised issues of material fact, precluding summary judgment.  In part, Frazin responded that she raised issues of material fact as to whether she violated chapter 92, subchapter C of the Texas Property Code because she presented evidence that: (1) as to her affirmative defense pursuant to section 92.104(c)(1)–(2), the Sautys owed rent at the time they "surrendered possession" of the property and there was no controversy

---

[1] Although the Sautys titled it a "Motion for Traditional and No Evidence Summary Judgment" and included no-evidence summary judgment law, they did not provide in the motion, or on appeal, any argument as to why they should be granted a no-evidence summary judgment. Further, the only claim before the county court was the Sautys' claim for failure to return the security deposit and Frazin asserted her affirmative defense for the first time when she filed her response to the Sautys' motion for summary judgment.

concerning the amount of the rent owed, which excused her from providing the Sautys with an accounting as required by section 92.103(c); and (2) in June 2009, the Sautys' withdrew the forwarding address they provided in December 2008, and did not provide another forwarding address until August 2009, changing her deadline to provide an accounting pursuant to section 92.107(a). Frazin claims she met the changed deadline by providing an accounting of the deposit and she has no liability under the property code. Also, Frazin responded, in part, that she raised issues of material fact, rebutting the presumption of bad faith because she presented evidence that: (1) she believed the deductions were proper; and (2) there was extensive damage to the property.[2] Finally, Frazin responded that she raised an issue of material fact as to section 92.109(c) because (1) the Sautys breached the lease by turning the electricity off during the last day of the lease; (2) the damage to the property did not exist before the Sautys occupancy; and (3) the damage caused by the Sautys exceeded the amount of the security deposit.

The county court granted the Sautys' motion for summary judgment and awarded them $6,585 in damages, but denied their request for attorneys' fees because they failed to include a request for attorneys' fees in their petition.

## II. JURISDICTION

The Sautys argue the county court, and hence, this Court does not have jurisdiction to hear this appeal because Frazin failed to timely file and obtain an appeal bond, violating Texas Rules of Civil Procedure 567 and 571. In her reply brief, Frazin responds that the Sautys have not prayed for the county court's judgment to be vacated, the county court rejected the Sautys' jurisdictional argument on "factual grounds," and the Sautys have not appealed the county court's order granting Frazin's motion for new trial.

---

[2] In her response to the Sautys' motion for summary judgment, Frazin does not specify whether the alleged damages to the property raised a fact issue as to whether she violated chapter 92, subchapter C, rebutted the presumption of bad faith, or both. However, on appeal, Frazin argues only that the damages raised a fact issue rebutting the presumption of bad faith.

Whether an appellant timely filed an appeal bond and thereby conferred jurisdiction on the county court presents a legal question, which a court of appeals reviews de novo. *Watkins*, 286 S.W.3d at 60. The defendant may properly challenge the county court's jurisdiction in a dilatory plea to the jurisdiction and thereby defeat the plaintiff's cause of action before the merits of the plaintiff's claims are determined. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000); *Watkins*, 286 S.W.3d at 60.

The Texas Rules of Civil Procedure provide the procedures for perfecting an appeal from a judgment of a justice of the peace court. *See* TEX. R. CIV. P. 571–574; *Watkins*, 286 S.W.3d at 60. In order to perfect an appeal to the county or district court from a justice of the peace court, an appellant must: (1) file an appeal bond as required by rule 571 or file an affidavit of inability to pay under rule 572; and (2) pay to the county clerk, within twenty days after being notified to do so by the county clerk, the costs on appeal as required by Rule 143a. *Watkins*, 286 S.W.3d at 60. Compliance with both requirements is jurisdictional. *Watkins*, 286 S.W.3d at 60.

Rule 571 provides in pertinent part:

> The party appealing . . . shall within ten days from the date a judgment or order overruling motion for new trial is signed, file with the justice a bond, with two or more good and sufficient sureties, to be approved by the justice, in double the amount of the judgment, payable to the appellee, conditioned that appellant shall prosecute his appeal to effect, and shall pay off and satisfy the judgment which may be rendered against him on appeal. . . . The appeal shall not be dismissed for defects or irregularities in procedure, either of form or substance, without allowing appellant five days after notice within which to correct or amend same.

TEX. R. CIV. P. 571.

However, a court of appeals liberally construes the rules of appellate procedure to protect a party's right to appeal. *Verburgt v. Dorner*, 959 S.W.2d 615, 616–17 (Tex. 1997); *Watkins*, 286 S.W.3d at 61. A court of appeals has jurisdiction over any appeal in which the appellant files an instrument in a *bona fide* attempt to invoke the appellate court's jurisdiction. *Linwood v.*

*NCNB Tex.*, 885 S.W.2d 102, 103 (Tex. 1994); *Grand Prairie Indep. Sch. Dist. v. Southern Parts Imports, Inc.*, 813 S.W.2d 499, 500 (Tex. 1991); *Watkins*, 286 S.W.3d at 61.

The record shows that the Sautys filed a motion to dismiss for lack of jurisdiction in the county court, arguing Frazin filed her appeal bond on December 15, 2010. A copy of the December 15, 2010 appeal bond was attached to their motion to dismiss. The county court granted the motion and dismissed the appeal due to Frazin's failure to timely file an appeal bond. Frazin filed a motion for new trial arguing a trial was held in the justice of the peace court on November 17, 2010, she filed a motion for new trial in the justice of the peace court on November 27, 2010, and she filed an appeal bond on November 29, 2010. As a result, she contended that her appeal bond was not due until twenty days after the date the justice of the peace court signed the judgment of default, but was actually filed "within the first business day, 10 [days] after the trial date in the [justice of the peace] [c]ourt." Based on the argument during the hearing and the evidence submitted, the county court granted Frazin's motion for new trial. The order states that the county court "f[ound] the appellate bond filed November 29, 2010 was timely and in good faith and f[ound] that the appeal was perfected. The [county court] further f[ound] that the appellate bond filed December 13, 2010 is sufficient." The November 29, 2010 appeal bond is not in the record on appeal.

In their brief on appeal, the Sautys fail to mention the November 29, 2010 appeal bond and the county court's findings. They also do not explain why the county court's determination that the appeal bond was timely is incorrect. Further, the record before us contains no reporter's record. Based on the record before us, we conclude the Sautys have not shown the county court erred when it granted Frazin's motion for new trial and determined it had jurisdiction over Frazin's appeal from the judgment of the justice of the peace court. Accordingly, this court has jurisdiction over this appeal.

## III.  FAILURE TO RETURN SECURITY DEPOSIT

In issues one and two, Frazin asserts two main arguments claiming the county court erred when it granted the Sautys' motion for summary judgment on their claim for failure to return the security deposit because Frazin raised issues of material fact as to whether: (1) Frazin retained the security deposit in violation of chapter 92, subchapter C of the Texas Property Code; and (2) Frazin rebutted the presumption of bad faith.  Specifically, Frazin argues she did not retain the security deposit in violation of the statute because she raised an issue of material fact on her affirmative defense that she was excused from providing an accounting of the deposit when the Sautys surrendered the premises while still owing rent, and she raised an issue of material fact as to the date the Sautys provided her with their forwarding address.  Frazin claims because of the new forwarding address being sent, the accounting for the Sautys' deposit was sent timely and she has no liability under the property code.  Also, Frazin argues she raised issues of material fact, rebutting the presumption of bad faith, because she believed she was entitled to retain the security deposit, the damages to the property were extensive, and Frazin's retention of the security deposit was reasonable since she was securing payment for the remaining rent.  Frazin does not argue that she raised an issue of material fact that her retention of the security deposit was reasonable pursuant to section 92.109(c).  The Sautys respond that after providing notice to Frazin, they surrendered possession of the property before the lease terminated and made all rental payments due under the lease even though they did not occupy the property.

### A.  Standard of Review

The standard for reviewing a traditional summary judgment is well-established.  *See Sysco Food Servs. v. Trapnell*, 890 S.W.2d 796, 800 (Tex. 1994); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985); *Tex. Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc.*, 300 S.W.3d 348, 365 (Tex. App.—Dallas 2009, pet. denied).  An

appellate court reviews a summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003); *Tex. Integrated*, 300 S.W.3d at 365. When reviewing a motion for summary judgment, the appellate court takes the nonmovant's evidence as true, indulges every reasonable inference in favor of the nonmovant, and resolves all doubts in favor of the nonmovant. *Provident Life*, 128 S.W.3d at 215; *Tex. Integrated*, 300 S.W.3d at 365. When a trial court's order does not specify the grounds for its summary judgment, an appellate court must affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious. *Provident Life*, 128 S.W.3d at 216; *Tex. Integrated*, 300 S.W.3d at 365.

## B. Applicable Law

A party moving for traditional summary judgment under rule of civil procedure 166a(c) has the burden to establish that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nexstar Broad., Inc. v. Fidelity Commc'ns Co.*, 376 S.W.3d 377, 381 (Tex. App.—Dallas 2012, no pet.). If the movant discharges his burden, the burden shifts to the nonmovant to present to the trial court any issues that would preclude summary judgment. *Nexstar*, 376 S.W.3d at 381; *Hackberry Creek Country Club, Inc. v. Hackberry Creek Home Owners Ass'n*, 205 S.W.3d 46, 50 (Tex. App.—Dallas 2006, pet. denied).

Chapter 92, subchapter C of the Texas Property Code governs security deposits in residential leases. TEX. PROP. CODE ANN. §§ 92.101–92.109 (West 2007); *Pulley v. Milberger*, 198 S.W.3d 418, 427 (Tex. App.—Dallas 2006, pet. denied). A landlord's duty or a tenant's remedy concerning security deposits as provided in subchapter C may not be waived. TEX. PROP. CODE ANN. § 92.006(a) (West 2007); *Pulley*, 198 S.W.3d at 427; *Hardy v. 11702 Mem'l,*

*Ltd.*, 176 S.W.3d 266, 275 (Tex. App.—Houston [1st Dist.] 2004, no pet.). A security deposit is defined as "any advance of money, other than an advance payment of rent, that is intended primarily to secure performance under a lease of a dwelling." TEX. PROP. CODE ANN. § 92.102; *Pulley*, 198 S.W.3d at 427.

To prevail on a cause of action for a landlord's bad faith retention of the security deposit pursuant to section 92.109(a), the tenant must prove the landlord: (1) acted in bad faith; and (2) retained the security deposit in violation of chapter 92, subchapter C of the Texas Property Code. TEX. PROP. CODE ANN. § 92.109(a); *Pulley*, 198 S.W.3d at 428. When a landlord is found liable under section 92.109(a), the tenant may recover from the landlord: (1) an amount equal to the sum of $100; (2) three times the portion of the security deposit wrongfully withheld; and (3) the tenant's reasonable attorney's fees in a suit to recover the security deposit. TEX. PROP. CODE ANN. § 92.109(a); *Pulley*, 198 S.W.3d at 428.

A landlord is required to refund a security deposit to the tenant on or before the thirtieth day after the date the tenant surrenders the premises. TEX. PROP. CODE ANN. § 92.103(a); *Pulley*, 198 S.W.3d at 427. Before returning a security deposit, the landlord may deduct from the security deposit damages and charges for which the tenant is legally liable under the lease or as a result of breaching the lease. TEX. PROP. CODE ANN. § 92.104(a); *Pulley*, 198 S.W.3d at 427.

If the landlord retains all or part of the security deposit, the landlord shall give the tenant, within thirty days of the tenant's surrender of the premises: (1) the balance of the security deposit, if any; (2) a written description of the damages; and (3) an itemized list of all deductions.[3] TEX. PROP. CODE ANN. §§ 92.104(c), 92.109(d); *Pulley*, 198 S.W.3d at 427. However, the landlord is not obligated to return a tenant's security deposit or give the tenant an

---

[3] The property code uses the terms "accounting," "written description and itemized list of the deductions," and "written description and itemized list of the damages and charges." These terms appear to be synonymous. Accordingly, we will use the term "accounting" throughout this opinion.

accounting until the tenant gives the landlord a written statement of the tenant's forwarding address for the purpose of returning the security deposit. TEX. PROP. CODE ANN. § 92.107(a); *Pulley*, 198 S.W.3d at 427. Further, the landlord is not required to give the tenant an accounting if: (1) the tenant owes rent when he surrenders possession of the premises; and (2) there is no controversy concerning the amount of rent owed. TEX. PROP. CODE ANN. § 92.104(1)(c).

### C. Application of the Law to the Facts

The Sautys moved for traditional summary judgment on their claim for failure to return the security deposit. To prevail on their motion for summary judgment in this case on their claim for failure to return the security deposit, the Sautys were required to prove, as a matter of law, that Frazin: (1) acted in bad faith; and (2) retained the security deposit in violation of chapter 92, subchapter C of the Texas Property Code. *See* TEX. PROP. CODE ANN. § 92.109(a); *Pulley*, 198 S.W.3d at 428. Specifically, the Sautys' argued Frazin retained the security deposit in violation of chapter 92, subchapter C of the Texas Property Code because:

> [T]he Lease expired by its own terms on June 31 (which [the Sautys] interpret as June 30, the last day of the month) 2009, and [[the Sautys] provided a forwarding address on December 24, 2008, and when [the Sautys] relocated (after the date the refund was due), on August 18, 2009, [the Sautys] updated the address. At no time during the term of the Lease did [Frazin] notify [the Sautys] of any breach of the lease. [Frazin] did not send any notice of intent to withhold the deposit until August 21, 2009, which was fifty[-]two (52) days after the termination of the Lease, and more than thirty (30) days after the date any right to offset was permissible under statute.

To defeat the Sautys' motion for summary judgment, Frazin was required to raise an issue of material fact that she did not retain the security deposit in violation of section 92.109(a). *See Nexstar*, 376 S.W.3d at 381. In her response to the motion for summary judgment and on appeal, Frazin argues she raised an issue of material fact that the December 24, 2008 notice of forwarding address was withdrawn approximately two weeks before the lease period ended at the end of June 2009. She claims that the second notice providing their new address was dated

August 18, 2009. Frazin claims that because section 92.107(a) does not require her to return the security deposit until the Sautys provided her with a forwarding address, the accounting, which she mailed on August 28, 2009, was timely. Hence, she claims the timeliness of the accounting defeats the Sautys' claim.

Frazin attached her affidavit to her response to the motion for summary judgment. In her affidavit, she states, "Approximately two weeks before the lease period ended the [Sautys] expressly instructed me, in writing, not to use their previous address for further correspondence." Conversely, in his deposition, Marc Sauty stated the first address in France was good until August 2009. Accordingly, we conclude Frazin raised an issue of material fact regarding whether she retained the security deposit in violation of chapter 92, subchapter C of the Texas Property Code, precluding traditional summary judgment on the Sautys' claim for failure to return the security deposit.

## IV. CONCLUSION

This Court has jurisdiction over this appeal. The county court erred when it granted traditional summary judgment in favor of the Sautys because Frazin raised an issue of material fact regarding whether she retained the security deposit in violation of chapter 92, subchapter C of the Texas Property Code.

The county court's final judgment is reversed and the case is remanded for further proceedings consistent with this memorandum opinion.


120137F.P05


/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

–11–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LORRIE FRAZIN, Appellant

No. 05-12-00137-CV     V.

MARC SAUTY AND BENEDICTE
SAUTY, Appellees

On Appeal from the County Court at Law
No. 3, Dallas County, Texas
Trial Court Cause No. CC-11-00258-C.
Opinion delivered by Justice Lang.  Justices
Moseley and Francis participating.

     In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

     It is **ORDERED** that appellant LORRIE FRAZIN, recover her costs of this appeal from appellees MARC SAUTY AND BENEDICTE SAUTY.


Judgment entered this 5th day of August, 2014.