**DISMISS; and Opinion Filed August 27, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-00125-CV

### WILLIAM RICHARDSON, Appellant
### V.
### BRENT STROMAN, MANUEL CHAVEZ, AND PARNELL MCNAMARA, Appellees

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. MDL-16-00001**

## MEMORANDUM OPINION
Before Justices Schenck, Osborne, and Reichek
Opinion by Justice Osborne

This appeal, from the multi-district litigation pretrial court's November 2, 2018 orders dismissing appellant's claims against Brent Stroman, Manuel Chavez, and Parnell McNamara, was filed January 29, 2019. Although the notice of appeal asserts appellant was not provided notice of the hearing that led to the dismissal orders and appellant did not file any post-judgment motions, the appeal was filed not as a restricted appeal but as a regular appeal.[1] *See* TEX. R. APP. P. 26.1, 30. Because the appeal was filed more than thirty days after the dismissal orders were signed, appellees have moved to dismiss the appeal. *See id.* 26.1 (requiring notice of appeal be filed within

---

[1] The notice of appeal also asserts the district clerk, appellees, and the pretrial court failed to give appellant notice of the dismissal orders. According to a supporting affidavit attached to the notice of appeal, appellant learned of the orders on January 3, 2019. Under Texas Rule of Civil Procedure 306a(4) and Texas Rule of Appellate Procedure 4.2, if a party affected by a judgment or appealable order does not receive notice of the judgment or order within twenty days after signing, the period for filing a post-judgment motion and the notice of appeal begins on the date knowledge was acquired but in no event no later than ninety days after the original judgment or appealed order was signed. *See* TEX. R. CIV. P. 306a(4); TEX. R. APP. P. 4.2(a). To obtain the benefit of these rules, the affected party must obtain a written order finding the date knowledge was acquired. *See* TEX. R. APP. P. 4.2(c). The record here does not include such an order or otherwise reflect such an order was signed.

thirty days of judgment unless request for findings of fact and conclusions of law or motion to reinstate, to modify, or for new trial is filed).

On July 26, 2019, we informed appellant that, although the appeal was untimely as a regular appeal, it appeared the appeal could proceed as a restricted appeal. *See* TEX. R. APP. P. 26.1(c), 30. We directed appellant to file, no later than August 5, 2019, an amended notice of appeal that complied with the requirements of Texas Rule of Appellate Procedure 25.1(d)(7) concerning restricted appeals. *See id.* 25.1(d)(7); *see also id.* 44.3 (appellate court must not dismiss appeal for formal defects or irregularities without allowing reasonable time to correct or amend); *Grand Prairie Indep. Sch. Dist. v. S. Parts Imports, Inc.*, 813 S.W.2d 499, 500 (Tex. 1991) (per curiam) (appellate court may not dismiss appeal when appellant files wrong instrument without giving appellant opportunity to amend or file correct instrument). To date, however, the amended notice of appeal has not been filed.

The timely filing of a notice of appeal is jurisdictional. *Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 545 (Tex. App.—Dallas 2009, no pet.) (op. on reh'g). Because appellant's notice of regular appeal was untimely and he has failed to amend his notice of appeal so the appeal may proceed as a restricted appeal, we grant appellees' motions and dismiss the appeal. *See id.* 42.3(a).


/Leslie Osborne/
LESLIE OSBORNE
JUSTICE

190125F.P05

–2–



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

WILLIAM RICHARDSON, Appellant

No. 05-19-00125-CV     V.

BRENT STROMAN, MANUEL
CHAVEZ, AND PARNELL
MCNAMARA, Appellees

On Appeal from the 160th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. MDL-16-00001.
Opinion delivered by Justice Osborne,
Justices Schenck and Reichek participating.

     In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

     We **ORDER** that appellees Brent Stroman, Manuel Chavez, and Parnell McNamara recover their costs, if any, of this appeal from appellant William Richardson.

Judgment entered this 27th day of August, 2019.