# NO. 12-24-00022-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DEVIN TREMAINE,*<br>*APPELLANT* | § | *APPEAL FROM THE 1ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *MADDISON LERY REID AND IN THE*<br>*INTEREST OF L. L. T., A CHILD,*<br>*APPELLEE* | § | *SABINE COUNTY, TEXAS* |

## MEMORANDUM OPINION
### PER CURIAM

This appeal is being dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

The trial court entered an order of dismissal on January 12, 2024, making a timely notice of appeal due on or before February 12. *See* TEX. R. APP. P. 26.1. Devin Tremaine, acting pro se, filed a docketing statement, but no notice of appeal, with the Sabine County District Clerk on February 5. A party who seeks to alter the trial court's judgment or other appealable order must file a notice of appeal. TEX. R. APP. P. 25.1(c). An appeal is perfected when a written notice of appeal is filed with the trial court clerk. TEX. R. APP. P. 25.1(a). But "a timely filed instrument will invoke the appellate court's jurisdiction if it demonstrates a bona fide attempt to do so[.]" ***State ex rel. Durden v. Shahan***, 658 S.W.3d 300, 304 (Tex. 2022) (per curiam). When a party timely makes a "bona fide attempt to invoke appellate jurisdiction, the court of appeals must accept the deficient notice or give the party an opportunity to amend and refile it to perfect the appeal." *Id*. at 305.

Accordingly, on April 3, the Clerk of this Court notified Appellant that the record does not show this Court's jurisdiction, namely, there was no notice of appeal filed within the time proscribed by appellate Rule 26.1 and no timely motion for extension of time to file same as

permitted by Rule 26.3. *See* TEX. R. APP. P. 37.1. We further notified Appellant that the appeal would be dismissed unless the information was amended on or before April 15 to show the jurisdiction of the Court. *See* TEX. R. APP. P. 42.3; *see also* ***Shahan***, 658 S.W.3d at 304 ("courts must grant parties a reasonable opportunity to correct a procedural defect before they dismiss an appeal on that ground"); ***Grand Prairie Indep. School Dist. v. Southern Parts Imports, Inc.***, 813 S.W.2d 499, 500 (Tex. 1991) (per curiam) ("If the appellant timely files a document in a bona fide attempt to invoke the appellate court's jurisdiction, the court of appeals, on appellant's motion, must allow the appellant an opportunity to amend or refile the instrument required by law or our Rules to perfect the appeal"). This deadline passed and Appellant has not filed a notice of appeal showing this Court's jurisdiction or otherwise responded to this Court's notice. We therefore dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

Opinion delivered May 8, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

MAY 8, 2024

NO. 12-24-00022-CV

**DEVIN TREMAINE,**
Appellant
V.
**MADDISON LERY REID AND IN THE INTEREST OF L. L. T., A CHILD,**
Appellee

Appeal from the 1st District Court
of Sabine County, Texas (Tr.Ct.No. CV2314227)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J*